In the Matter of JAMES KEATING, Appellant. J. IRWIN SHAPIRO, as Commissioner of Investigation, Respondent.

First Department, December 13, 1955.

*Joseph Slipyan* for appellant.

*John Trubin* of counsel (*James O. Moore, Jr., Daniel M. Cohen* and *Joseph E. Ruggiero* with him on the brief; *Jacob K. Javits, Attorney-General,* attorney), for respondent.

*Per Curiam.* Petitioner appeals from an order denying his application to quash a subpœna served upon him by the respondent in the course of an investigation being conducted by the latter as Commissioner of Investigation. We are satisfied that the principal contentions of petitioner are without substance and that the respondent is proceeding at the direction of the Governor within the authority granted to him by statute. In the light, however, of certain broad contentions contained in respondent's brief, we deem it wise to point out that, while the commissioner has been endowed by the Legislature with broad powers of investigation, they are not unlimited. The rule has been stated in *Matter of Hirshfield* v. *Craig* (239 N. Y. 98, 110) where the court was considering the powers of the commissioner of accounts of the City of New York. It was said that " [t]he Legislature permits the Commissioner to decide whether the examination would be for the best interests of the city and to issue subpœnas to witnesses. The courts are given no power to review or set aside such decision. The protection of the courts may be invoked only against attempts in the course of such examinations to infringe the rights of the citizen or to cause him some legal wrong. In this proceeding we do not attempt to decide the exact point where that protection might be invoked or where an abuse of the Commissioner's powers might

constitute a wrong of which the courts will take cognizance. We do not assume that there is any probability that occasion may arise hereafter for the presentation of such a question to the court.''

Petitioner further claims that upon his appearance before the commissioner with counsel a request was made pursuant to section 73 of the Civil Rights Law that the commissioner's authority to conduct the investigation be exhibited and that the request was refused. The commissioner, in his answering affidavit, states that the written authorization of the Governor was '' exhibited '' to the petitioner.

Subdivision 2 of section 73 of the Civil Rights Law provides, in part, that '' [a] copy of the resolution, statute, order or other provision of law authorizing the investigation shall be furnished by the agency upon request therefor by the person summoned.''

The present investigation was authorized by '' order '' of the Governor and petitioner pursuant to this statutory provision should be '' furnished '' upon request with a copy thereof. This requires that it be provided for the use of the petitioner and a simple exhibiting of the order does not comply with the statute. In the light of all the circumstances, we conclude that the omission is not fatal to the proceeding (cf. L. 1954, ch. 414, § 2) but may be remedied by compliance with the statute prior to the resumption of the hearing. Suitable provision therefor may be made in the order to be entered herein.

The order appealed from should be affirmed, with $20 costs and disbursements. Settle order.

BREITEL, J. P., BASTOW, BOTEIN and RABIN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent. Settle order on notice.