In the Matter of JOSEPH BARBARA, SR., Appellant. NEW YORK STATE COMMISSION OF INVESTIGATION, Respondent.

Third Department, March 11, 1959.

*Travis & Whiting (Harry S. Travis* of counsel), for appellant.

*Eliot H. Lumbard (Nathan Skolnik* and *Arnold M. Weiss* of counsel), for respondent.

GIBSON, J.   Petitioner appeals from an order of the Special Term which denied his application to set aside the purported service upon him of a subpœna issued by the respondent commission.   The subpœna required petitioner's attendance before the commission to testify at a hearing to be held in connection with an investigation conducted pursuant to the statute which created the commission and defined its functions, powers and duties.   (L. 1958, ch. 989.)   The subpœna contained a general statement of the subject of the investigation as concerning the public peace, safety and justice and the effective enforcement of the laws and made particular reference to the subjects of organized crime and racketeering and to a meeting held on petitioner's premises at Apalachin, New York, some time before.   There also appeared on the subpœna a copy of section 73 of the Civil Rights Law.

As the ground for the relief sought, the petition alleges: "That at no time has petitioner ever been personally served with either a copy of the subpœna or a copy of Section 73 of the Civil Rights Law".   At Special Term and again on this appeal petitioner urged, as an additional ground, his contention that there was no payment or tender of witness' fees in the amount prescribed by law.

Under section 406 of the Civil Practice Act, the subpœna issued by the commission was required to be served "in the

same manner as prescribed for the service of a subpœna issued out of a court of record ", which is, that a copy " be delivered to the witness " and the fees allowed by law for mileage and for one day's attendance " be paid or tendered to him " (Civ. Prac. Act, § 404). Such fees are 50 cents for one day's attendance and, in the case of a witness residing more than three miles from the place of attendance, " eight cents for each mile actually going to the place of attendance." (Civ. Prac. Act, § 1539.)

Section 73 of the Civil Rights Law sets up a " code of fair procedure for investigating agencies " and subdivision 2 thereof provides that no person may be required to appear or to testify at a hearing before such an agency " unless there has been personally served upon him prior to the time when he is required to appear, a copy of this section, and a general statement of the subject of the investigation." There is express provision, however, that the statute will be offended, and the witness relieved from appearing or testifying, only in case of " substantial non-compliance " on the part of the agency. (L. 1954, ch. 414, § 2.)

The facts of the purported service appear in the comprehensive opinion written at Special Term (14 Misc 2d 223) and need not be repeated in detail. In brief, there was uncontradicted testimony by a State trooper that he went to petitioner's residence to make service of the subpœna and was refused admittance; that through the window of a downstairs room he observed petitioner, told him that he had a subpœna for him, exhibited the subpœna and stated its substance; and that petitioner made some response unintelligible to the trooper. It is also undisputed that, following conversations with petitioner's wife, who repeatedly declined to admit him to the house or to call petitioner to the door, the trooper fastened to the front door an envelope containing the subpœna and $16 in currency; and that he then used a portable electronic amplifier, audible for at least one fifth of a mile, to announce the contents of the subpœna (including its reference to section 73 of the Civil Rights Law) and to advise petitioner as to the fees left for him. The trooper testified that he read the contents of the subpœna through the amplifier 12 or more times from various positions about the house, none more than 12 feet distant from it.

In our view, the requirement of delivery of the subpœna was complied with. There seems to be no New York case directly in point but we find persuasive precedent in the cases which have upheld the service of summonses in similar manner and under comparable circumstances. (See *Levine* v. *National*

*Transp. Co.,* 204 Misc. 202, affd. 282 App. Div. 720; *Chernick* v. *Rodriguez,* 2 Misc 2d 891.) Indeed, the requirement that a subpœna " be delivered to the witness " (Civ. Prac. Act, § 404) is somewhat less stringent than the provision that a summons be delivered " to the defendant in person " (Civ. Prac. Act, § 225).

Basically, the right to enforce the attendance of witnesses derives, not from privilege conferred upon individual litigants, but from the rights and necessities of society generally, so that the demand comes " from the community as a whole,— from justice as an institution, and from law and order as indispensable elements of civilized life." (8 Wigmore, Evidence [3d ed.], § 2192, cited and approved in *United States* v. *Bryan,* 339 U. S. 323, 331.) The written process is but the expression of the demand and the reflection of the co-ordinate duty of obedience to it. Cf. *Gumperz* v. *Hofmann,* 245 App. Div. 622, 624, affd. 271 N. Y. 544.) It follows that when, in this case, explicit knowledge of the particular demand was conveyed to the witness, public policy forbade that he be advantaged by his own willful and obstructive acts in prevention of what had then become the purely technical gesture of delivery of the subpœna to his physical possession. Thus it was said in Wisconsin that one who consciously renders impossible the personal service of a subpœna cannot complain that service was not complete. (*Gallun* v. *Hibernia Bank & Trust Co.,* 182 Wis. 40.) And as has been held in New York: " The object of all service of process is said to be to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him, and it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him, and have an opportunity to defend." (*Hiller* v. *Burlington & Missouri Riv. R. R. Co.,* 70 N. Y. 223, 227.)

That there was substantial compliance with the provisions of subdivision 2 of section 73 of the Civil Rights Law is also abundantly clear from the record. (See L. 1954, ch. 414, § 2; *Matter of Keating* [*Shapiro*], 286 App. Div. 731.)

Petitioner's additional contention is that the witness' fees of $16 tendered him were inadequate by approximately 72 cents, due to a supposed miscalculation of the applicable mileage. It is urged that the Special Term erred in taking judicial notice of the distance involved when the issue was disputed and proof presented, but the form or manner of the determination does not seem crucial as there was ample evidence of its correctness.

In any event, the difference contended for is so trifling under the circumstances as to render the objection *de minimis*.

The order should be affirmed, with $10 costs.

FOSTER, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, with $10 costs.