■ MARLENE S. GERSTEN, Respondent, v MARTIN J. GERSTEN, Appellant. —Order, Supreme Court, New York County, entered October 12, 1977, denying, *inter alia,* defendant's cross motion to dismiss the complaint, and for other relief, and granting plaintiff $300 per week as temporary alimony and child support, and exclusive occupancy of the marital domicile, and enjoining the parties from taking further proceedings in the Connecticut court, is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of adding in the next to the last decretal paragraph following the words "in the Connecticut court" the phrase "except proceedings with respect to custody and visitation of the child Jennifer who is physically in Connecticut," and the order is otherwise affirmed, without costs and without disbursements. Jurisdiction of both the person and the subject matter was properly obtained by the New York court in this action pursuant to CPLR 302 (subd [b]). We see no merit to defendant's contention that the statute extending long-arm personal jurisdiction to matrimonial actions, as applied, is unconstitutional. The case plainly falls within the provisions of the statute. The party seeking support is a resident of and domiciled in this State; this State was the matrimonial domicile of the parties before their separation; and the obligation to pay support accrued under the laws of this State. Service was properly effected under CPLR 308 (subds 2, 5). Assuming that the Connecticut action instituted by defendant husband was in fact begun before the New York action by the plaintiff wife, the two actions were begun so close to each other that they may be considered as begun at substantially the same time. It is discretionary with the court whether to dismiss an action in the courts of this State because of the pendency of another action between the same parties in a court of a sister State. (CPLR 3211, subd [a], par 4.) And in the exercise of our discretion, we decline to dismiss the New York action. As between Connecticut and New York, we think that New York has the greater interest in and contacts with this matrimonial litigation and it is better that it be determined in the New York courts. The parties lived together in New York as husband and wife substantially for the entire time before their informal separation. The wife has continued to live in New York in the marital apartment. Although the husband claims (and perhaps correctly) that he is now a resident of Connecticut, that has only been true for the approximately two and one-half years since the separation. The husband is a member of the New York Bar and maintains an office in New York which he attends regularly, though perhaps only one or two days a week. The children have always resided in New York and the younger child Valerie is now physically in New York. For the last six months, without the wife's consent, the older child Jennifer has been with her father in Connecticut. It is obviously desirable that the question of the custody of the two children

shall be determined in one proceeding. The Connecticut court cannot make a determination as to the younger child Valerie as that child is not in Connecticut, and the Connecticut court does not have jurisdiction over the person of the mother. The New York court on the other hand has jurisdiction over the person of both parents, including the father with whom the child Jennifer is now staying, as well as complete subject matter jurisdiction. (Cf. *People ex rel. Satti v Satti,* 43 NY2d 671.) We therefore affirm the injunction against the prosecution of the Connecticut divorce action with however the following modification. Despite our view that it is better that provision as to custody and visitation of both children shall be determined by the New York court, we have modified the temporary injunction so as to exclude from its scope proceedings in Connecticut with respect to the child Jennifer. We do this out of comity with the Connecticut court, and for the further reasons that Jennifer is physically in Connecticut, and that there is an outstanding order of the Connecticut court with respect to Jennifer's custody. No doubt the Connecticut court will give due weight to the *considerations we have mentioned in favor of having the entire matter* determined in the New York courts. If defendant thinks the interim award of support is too high, his remedy is to press for an early trial. He is mistaken in his apparent belief that he would waive his objection to jurisdiction by doing so. (CPLR 3211, subd [a], pars 2, 8; 3211, subd [e].) Concur—Lupiano, J. P., Birns, Silverman, Fein and Markewich, JJ.