■ JOHN SEXTON & Co., a Division of BEATRICE FOODS, INC., Respondent, v LAW FOODS, INC., Defendant. LORRAINE CHUSID, Appellant. — Appeal by Lorraine Chusid from an order of the Supreme Court, Nassau County (Christ, J.), entered June 4, 1984, which denied her motion, pursuant to CPLR 2221 and 5015, to compel plaintiff and its attorneys to return all moneys which she paid to purge a contempt order entered against her upon her default, and to pay her court costs and attorney's fees expended in bringing the motion, and for an order expunging any contempt citation against her.

Order modified, on the law and the facts, and appellant's motion is granted to the extent that the contempt order as against her is vacated and plaintiff is ordered to return to appellant the moneys which she had paid to purge herself of the contempt order, with interest. As so modified, order affirmed, without costs or disbursements.

In an underlying action to recover for goods sold and delivered, plaintiff obtained a judgment against defendant, Law Foods, Inc., on September 22, 1982. Subsequently, a subpoena duces tecum to examine was issued by plaintiff, dated December 8, 1982, directed to the defendant corporation, to Abe Chusid and to appellant. Upon default in anyone appearing in response to the subpoena, plaintiff, by notice of motion dated March 31, 1983, sought to hold in contempt only the defendant corporation

and Abe Chusid for such failure to appear and testify. Service of the notice of motion was made upon the defendant corporation and Abe Chusid by certified mail, but no service was effected upon appellant. By decision dated May 13, 1983, Special Term held the defendant corporation and Abe Chusid in contempt for their failure to appear; however, the order embodying such decision, dated September 13, 1983, held in contempt not only the defendant corporation and Abe Chusid but also appellant. Appellant subsequently was arrested on December 14, 1983 pursuant to the contempt order, and after paying a fine of $2,183.85 to purge her alleged contempt, moved, *inter alia,* for return of the money and to expunge the contempt.

Although appellant moved for relief pursuant to CPLR 5015 (a) (1)-(4), Special Term considered only paragraph (1), and erroneously concluded that appellant's motion was time barred as she failed to move within one year of the date on which her default occurred. The one-year period specified therein begins to run upon service of a copy of the judgment or order, with written notice of its entry, upon the moving party (*see,* CPLR 5015 [a] [1]), and not on the date that the movant failed to appear in court. Appellant's motion was made less than one year after the decision of the court which found her to be in contempt and was, therefore, timely under CPLR 5015 (a) (1).

In any event, appellant was entitled to relief pursuant to CPLR 5015 (a) (4) because the court lacked jurisdiction over her and, therefore, did not have the power to issue an order of contempt against her. By plaintiff's own papers submitted in opposition to appellant's motion, it is clear that no attempt was made to serve upon appellant the notice of the motion for contempt. Copies of the motion for contempt were mailed to an attorney and to Abe Chusid, a former officer of defendant corporation and the husband of appellant. The papers served upon the attorney were returned along with a note stating that he was not an attorney in the matter. The papers sent to Abe Chusid were returned by the United States Post Office marked "unclaimed".

Even if a copy of the motion for contempt had been mailed to appellant, service still would have been defective, for notice of a contempt proceeding against a nonparty to the underlying action must be effected by personal service (*see, Long Is. Trust Co. v Rosenberg,* 82 AD2d 591). Because appellant was neither named in nor personally served with the motion for contempt, the court did not have jurisdiction over her (*see,* Judiciary Law § 761). The order of contempt was therefore invalid as to her, and appellant was entitled to have the order vacated as against

her and to have the moneys she had paid returned with interest. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.