■ ERIKA L. SPECTOR, as Guardian ad Litem of THOMAS R. LE BLANC, an Incompetent, Respondent, v ROBERT A. BERMAN, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Kelly, J.), dated March 1, 1985, which denied his motion for an order prohibiting the plaintiff from attempting service of process on him upon the date of a traverse hearing.

■ ERIKA L. SPECTOR, as Guardian ad Litem of THOMAS R. LE BLANC, an Incompetent, Respondent, v ROBERT A. BERMAN, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated April 10, 1985, which, after a hearing, granted the plaintiff's motion to dismiss his third and fourth affirmative defenses alleging that he was not properly served with process and denied his cross motion to dismiss the complaint on the ground that he was not properly served with process.

Order affirmed, with costs.

At the hearing, the process server, Drew Driesen, testified that he appeared at the entrance of the defendant's apartment building on February 23, 1985. Thereafter, he pressed

the "buzzer" corresponding to the defendant's name on the intercom. The defendant responded on the intercom and acknowledged that he was Robert Berman. When Driesen announced that he had "some legal papers" for him, the defendant refused to meet Driesen at the entrance and further refused to let him into the building. Driesen then told the defendant that "I'm putting these papers in the mail slot", to which the defendant replied, "You know that's not good service and the Court won't allow it". Driesen put the process through the mail slot and subsequently mailed the process to the defendant as well.

We agree with Special Term that the process server complied with CPLR 308 (1) in effectuating service on the defendant. In *Bossuk v Steinberg* (58 NY2d 916, 918, *affg* 88 AD2d 358), the Court of Appeals held that, "under CPLR 308 (subd 1), delivery of a summons may be accomplished by leaving it in the 'general vicinity' of a person to be served who 'resists' service *(McDonald v Ames Supply Co., 22 NY2d 111, 115)"*. Under *Bossuk,* if the person to be served or the person of suitable age and discretion refuses to open the door to accept service, the process server may leave the summons outside the door, provided the person to whom the process is sought to be delivered is made aware that the process server is doing so *(see, Levine v National Transp. Co.,* 204 Misc 202, 203, *affd* 282 App Div 720; *Chernick v Rodriguez,* 2 Misc 2d 891, 892).

In this case, there were two doors and a number of flights of stairs between the process server and the defendant, but the principle is the same. The defendant refused to open the doors, although he conversed with the process server, who told him that he was putting the process through the mail slot. The defendant's conduct was of the affirmative evasive character condemned in *McDonald v Ames Supply Co. (supra),* and it is clear that he was engaged in a deliberate course of evasion intended to frustrate resolution of the legal dispute the plaintiff was attempting to initiate. The defendant did not acquire an immunity from the *Bossuk* principle simply because there were two doors and some steps involved. We conclude, as Special Term did, that service was properly made. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.