■ FRANCES B. TURKISH, Respondent, v NORMAN A. TURKISH, Appellant.—Judgment, Supreme Court, New York County (Schackman, J.), entered February 4, 1986, which awarded plaintiff $3,250 plus interest, costs, and disbursements, reversed, on the law, and the judgment vacated, without costs.

Order of the same court, entered April 1, 1986, which granted reargument and, upon reargument, adhered to its original decision and order entered January 23, 1986, modified, on the law, to the extent of denying the motion by plaintiff for leave to enter a money judgment against defendant and, as modified, otherwise affirmed, without costs.

Appeal from the order of the same court, entered January 23, 1986, which, inter alia, granted the motion by plaintiff for entry of a judgment for arrears and directed the clerk to enter a money judgment in the amount of $3,250, and denied the motion by defendant for a traverse hearing as to proper service or, alternatively, for a change of venue to Tompkins County, dismissed as superseded by the appeal from the foregoing order.

Order of the same court, entered on or about April 30, 1986, which granted the motion by plaintiff for entry of a judgment for further arrears and directed the clerk to enter a money judgment in the amount of $5,417, awarded $500 in counsel fees, and directed defendant to post a surety bond in the amount of $12,000 to secure future payments, affirmed, without costs.

Judgment of the same court, entered May 8, 1986, which awarded plaintiff $5,417, plus interest, costs, and disbursements, affirmed, without costs.

The parties were divorced in 1973 and the divorce decree incorporated the separation agreement between the parties, which did not merge into it. The separation agreement awarded custody of the parties' two now teen-aged children to the defendant husband, a successful stockbroker, visitation rights to the plaintiff wife, and obligated him to pay her monthly maintenance in the amount of $1,083.33. In 1979 defendant was convicted in the United States District Court for the Southern District of New York of five felonies, including manipulating the future market in crude oil, conspiracy to defraud the United States in its collection of taxes, and tax evasion. *(See, United States v Turkish,* 623 F2d 769 [2d Cir 1980].) After defendant served his sentence of imprisonment from October to December 1980, he apparently performed three years of full-time community service. In 1983 a motion by defendant for downward modification of his maintenance obligation was denied on the ground that he admitted to the possession of substantial assets, to wit, $872,000, during an enforcement proceeding before the Commodities Futures Trading Commission. (Defendant also claimed a noncontingent liability of $116,000 during that proceeding, and as a result of the proceeding his broker's registration was revoked and he was fined $50,000.) In about September 1984, defendant sold his cooperative apartment located on Manhattan's Upper East Side, and moved to a rented home in Ithaca, New York. (Plaintiff alleges that defendant purchased the home in his mother's name to hide the asset from his wife.)

The children precipitated the series of motions at issue on this appeal by choosing, in August 1985, to remain with their mother after her summer visitation period expired. By order to show cause, dated September 18, 1985, and returnable November 12, 1985, which was required to be "personally served upon the plaintiff *[sic]*, on or before the 30th day of October, 1985", plaintiff made a motion to have the husband held in contempt for nonpayment of maintenance since July

1985; to modify the divorce judgment to award to her custody of the children and weekly child support payments in the amount of $1,000; and for $10,000 in counsel fees.

According to the affidavit of service furnished by the process server, he was unable to effectuate service of the order to show cause and supporting papers upon defendant on the morning of September 25, 1985; the evening of September 26, 1985; on October 8, 1985; or on the morning of October 12, 1985. On the morning of October 22, 1985, defendant was observed through a window in his home as the process server parked in defendant's driveway. However, defendant retreated to the next room and refused to answer the door. The process server then affixed the order to show cause and supporting papers to the door of the house and mailed them to defendant at that address. Later that afternoon defendant again was seen in his home and again refused to answer the door for the process server.

By answering affidavit sworn to on November 19, 1985, and an affirmation of counsel subscribed to on that same date, defendant challenged the jurisdiction of the court, alleging improper service, and requested a traverse hearing before reaching the merits. With regard to the merits, and in support of his cross motion for downward modification of the maintenance obligation, and a hearing thereon, he alleged financial difficulties due to unemployment, and great difficulty, as a convicted felon, in finding employment after he concluded his community service in December 1983. Defendant also requested a change in venue to Tompkins County, where he resided. He contended that venue was improperly designated in New York County since plaintiff had moved to New Jersey.

Without addressing the central issue of personal jurisdiction, the court granted the change in custody on consent, and referred the issues of downward modification of maintenance, the amount of child support, and counsel fees to a Special Referee to hear and report with recommendations. The court denied the request for a change of venue. It further denied that portion of the application which sought to hold defendant in contempt, concluding that the less drastic remedy of entry of a money judgment against him for arrears in maintenance was sufficient. The money judgment was entered on March 28, 1986. On that same date the court granted reargument and, on reargument, adhered to its original decision.

By order to show cause, dated on or about February 25, 1986, which, as plaintiff requested, permitted service upon

defendant by certified mail, plaintiff made an application for an order directing entry of a money judgment in the amount of approximately $5,417, representing maintenance arrears which had accrued between October 1985 and February 1986. She also sought an order directing defendant to pay counsel fees and to post a surety bond as security for further payments pursuant to Domestic Relations Law § 243. In opposition, defendant submitted an affirmation of counsel, asserting, *inter alia,* that suspension of his current maintenance obligation was warranted pending receipt of the Referee's recommendations and disposition of his cross motion for downward modification. The court granted plaintiff's motion to the extent of directing the clerk to enter a money judgment in the amount requested, directing defendant to post a surety bond of $12,000, and awarding plaintiff $500 in counsel fees.

We conclude that the first judgment for maintenance arrears entered March 28, 1986 must be vacated. A traverse hearing was unnecessary, since the affidavit of the process server conclusively established that the initial order to show cause was not served in the manner prescribed by the court, but rather was "nailed and mailed" pursuant to CPLR 308 (4). Since plaintiff did not strictly comply with the provisions for service set forth in the initial order to show cause, there was no jurisdiction over defendant, and her proceeding should have been dismissed. *(Matter of O'Daniel v Hayduk,* 59 AD2d 706 [2d Dept], *affd* 42 NY2d 1062 [1977]; *Matter of Sahler v Callahan,* 92 AD2d 976 [3d Dept 1983].)

When plaintiff experienced difficulty in effecting personal service upon defendant, she could have requested permission from the court to resort to substituted service, as she did in obtaining the second order to show cause. Indeed, she was required to obtain such permission in order to use the nail and mail method of service. *(See, Hornok v Hornok,* 121 AD2d 937 [1st Dept 1986].)* "[N]otice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court [citation omitted]." *(Feinstein v Bergner,* 48 NY2d 234, 241 [1979].)* Contrary to plaintiff's assertion, defendant did not waive his objection to the lack of personal jurisdiction by actively defending on the merits and cross-moving for affirmative relief. *(Calloway v National Servs. Indus.,* 93 AD2d 734 [1st Dept 1983], *affd* 60 NY2d 906 [1983]; *Gersten v Gersten,* 61 AD2d 745, 746 [1st Dept 1978]; *compare, Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363, 366 [1st Dept 1979].)

Given the limited nature of the relief sought on appeal, in

addition to vacating the first money judgment, it is only necessary to modify the order entered on the same date to the extent of denying plaintiff's application for an order directing the entry of the foregoing judgment. That portion of Special Term's order which denied the request for a change of venue pursuant to CPLR 510 must be affirmed on the record as a provident exercise of discretion. Venue here belongs in New York County because the county where a divorce decree was rendered has continuing jurisdiction over subsequent proceedings in the matrimonial action. On balance, since defendant visits New York County several days each week and has a second divorce action pending there, New York County seems a more convenient forum for all parties.

We affirm the second judgment entered May 8, 1986, and the underlying order which awarded further arrearages to plaintiff. Domestic Relations Law § 244 mandates the court to direct the entry of a judgment on a motion for support arrearages "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears." *(Hacker v Hacker,* 119 AD2d 441 [1st Dept 1986].) The defendant here made no showing of good cause for waiting until November 1985, when his payments were five months in arrears, to move for a downward modification of maintenance. Special Term acted well within its permissible discretion in declining to hold plaintiff's second application for arrears in abeyance pending the reference and disposition of defendant's cross motion. On this record, we cannot discern that defendant's financial circumstances have appreciably worsened since 1983, when his previous application for a downward modification of maintenance was denied. Concur— Kupferman, J. P., Ross, Carro, Asch and Rosenberger, JJ.