■ Roy MacGregor et al., Appellants, v Shlomo Piontkowski, Respondent.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Brown, J.), entered January 7, 1986, which, after a hearing, granted the defendant's motion to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The evidence adduced at the hearing showed that the process server, Dirk Burden, made three attempts to personally serve the defendant at his residence, all on January 28, 1985. On each of the first two visits, at 7:45 A.M. and 2:45 P.M., there was apparently no one at home. However, on the third visit, at 5:30 P.M., Burden's knock was answered by a female whose voice Burden could hear but who did not open the door. Burden asked to see the defendant and the voice, which Burden thought to be that of a girl of approximately 13 years of age, replied "Yes, just a minute. I'll get him". After a few minutes passed, Burden heard the same voice ask him why he wished to see the defendant. When Burden stated that he had some legal documents that he had to see the defendant about, the voice said, "Just a minute" and the girl apparently left again. After another brief period of time had elapsed, Burden heard the voice of another, younger child through the door. This child, whom Burden estimated to be approximately 8 to 10 years of age, said, "He's too busy now to come to the door. Go away. Come back at another time." Burden stated, "Well, I wish you would go get the doctor because I have to leave these papers with him". Burden then taped the summons and complaint to the front door and left. On the following day, Burden mailed a copy of the summons and complaint to the defendant. Special Term determined that the plaintiffs had failed to meet their burden of establishing valid service of process pursuant to either CPLR 308 (2) or CPLR 308 (4) and dismissed the complaint. We agree with Special Term's determination and now affirm.

The plaintiffs clearly failed to establish that service was made pursuant to CPLR 308 (2). Even if we were to assume, as the plaintiffs do, that the evidence adduced at the hearing was sufficient to establish that the children who responded to Burden's knock "resisted" service, the plaintiffs were still required to show that the person to whom delivery was being made was informed that a summons was being left outside of the door and that the person was of "suitable age and discretion" (see, CPLR 308 [2]; Bossuk v Steinberg, 58 NY2d 916).

Since the plaintiffs failed to make either of these showings, Special Term properly ruled that service pursuant to CPLR 308 (2) was not validly made.

The plaintiffs also failed to establish that service was validly made pursuant to CPLR 308 (4) because they did not show that the process server exercised due diligence to effect personal service pursuant to either CPLR 308 (1) or CPLR 308 (2) *(see* CPLR 308 [4]; *Kaszovitz v Weiszman,* 110 AD2d 117). Here, the process server made only three visits to the defendant's residence, all on a single day during hours when a working person would be expected to be either at work or in transit to or from work. Contrary to the plaintiffs' arguments, we do not agree that the mere fact that the defendant was apparently at home on a single one of the occasions that the process server visited his residence excused any further efforts to personally serve the defendant. Nor do we agree that the mere failure of the defendant to come to the door on a single occasion established that he was attempting to evade service, particularly where, as here, neither the defendant nor the persons who responded at the door were ever informed that the process server was attempting to serve the defendant with a summons *(cf., Bossuk v Steinberg, supra).* Mangano, J. P., Niehoff, Sullivan and Hardwood, JJ., concur.