■ EFRAIN ROMAN, Appellant, v CHRISTOPHER GUZZARDO, Respondent. [604 NYS2d 183] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated June 20, 1991, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

We agree with the court's conclusion that the plaintiff's process server failed, as a matter of law, to exercise due diligence in attempting to effectuate personal service upon the defendant *(see,* CPLR 308 [4]; *Pizzolo v Monaco,* 186 AD2d 727). Two of the three attempts to effectuate personal service at the defendant's residence occurred on weekdays during normal business hours. Although the defendant's place of business was readily ascertainable from the complaint itself, no effort was made to serve him, or a person of suitable age and discretion, at that location *(cf., Matos v Knibbs,* 186 AD2d 725).

The plaintiff's further contention that personal service was made upon a person of suitable age and discretion at the defendant's residence, in accordance with CPLR 308 (2), is raised for the first time here. In any event, the contention is without merit, because the process server never told the person who purportedly refused to open the door that he was there to serve legal papers *(see, Bossuk v Steinberg,* 58 NY2d 916; *Spector v Berman,* 119 AD2d 565).

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.