■ KATHERINE BRYAN, Respondent, v J. SHELBY BRYAN, Appellant. [713 NYS2d 348] —Order, Supreme Court, New York County (Judith Gische, J.), entered April 13, 2000, which, *inter alia*, granted plaintiff's motion to enjoin defendant from proceeding with a divorce action commenced by him in the State of Texas, unanimously affirmed, with costs.

The injunction is warranted by a strong showing that although defendant had strong ties in Texas, he did not have a bona fide residence there at the time he commenced his divorce action (*see, Vanneck v Vanneck*, 49 NY2d 602, 608). Moreover, New York has the greater interest in and contacts with the

matrimonial litigation (*see, Gersten v Gersten*, 61 AD2d 745): most, if not all, of the marital property is located in New York; the antenuptial agreement was entered into in New York; the parties lived together in New York as husband and wife substantially for the entire time before their separation; and the wife continues to reside in New York with one of the minor children of the marriage.

Furthermore, the State of Texas does not have jurisdiction over plaintiff and cannot afford the parties full and complete relief. The Texas long arm statute (Texas Fam Code Annot § 6.305 [a]) only permits jurisdiction over a non-resident respondent if (1) Texas was the last marital residence of the parties or (2) there is any "basis consistent with the constitutions of this state [Texas] and the United States for the exercise of the personal jurisdiction." Neither was established here. In any event, inasmuch as a Texas decree would affect only the marital status, to allow defendant to pursue in Texas the same goal he may affirmatively achieve in response to plaintiff's suit in New York would not be in the interests of judicial economy (*Browne v Browne*, 53 AD2d 134, 139). Concur—Nardelli, J. P., Mazzarelli, Lerner, Andrias and Buckley, JJ.