■ KUE MEE REALTY CORP., Appellant, v MARILYN LOUIE et al., Respondents. [743 NYS2d 863] —Order, Supreme Court, New York County (Paula Omansky, J.), entered April 5, 2001, which granted defendants' motion to vacate the default judgment against them and to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

Plaintiff's attempt, through its process server, to effectuate service of process on defendants by "nail and mail" service was insufficient to obtain personal jurisdiction over defendants, since plaintiff was required to comply strictly with the terms of the order to show cause, which provided that plaintiff was to serve defendants by delivering the process papers to them personally (*see, Turkish v Turkish*, 126 AD2d 436).

We also reject plaintiff's claim that delivery of the papers by leaving them in the general vicinity of a person to be served is sufficient to confer jurisdiction (*cf. Bossuk v Steinberg*, 58 NY2d 916); the method of service was specified in the order to show

cause and it did not provide for either any alternative to personal delivery to each named defendant or for substituted service (*Macchia v Russo*, 67 NY2d 592, 594-595). If, as plaintiff's process server claimed, he was himself unable to serve as directed by court order, plaintiff could have applied for an alternative method of service, which was not done. Concur— Tom, J.P., Buckley, Ellerin, Rubin and Gonzalez, JJ.