■ ALFRED LORI et al., as Administrators of the Estate of QUINTO LORI, Deceased, Appellants, v C.J. MALSTROM et al., Respondents. [787 NYS2d 19]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 4, 2003, which denied plaintiffs' motion to direct defendants to serve an answer to the complaint and which granted defendants' cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied, the complaint reinstated and defendants directed to serve an answer within 20 days of the

service of a copy of this order with notice of entry. Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered January 23, 2002, which, insofar as appealed from, directed plaintiffs to file a complaint within 30 days, unanimously reversed, on the law, without costs, and the service of the complaint while the motion was pending deemed sufficient.

On September 4, 1998, plaintiffs' 77-year-old decedent was struck and injured by a vehicle driven by defendant Malstrom, owned by defendant GVC and apparently operated for defendant Q.T. Minibus. The decedent died later that day of his injuries. A summons with notice was served on all three defendants on August 30, 2000. On July 17, 2001, some 11 months later, defendant Q.T. Minibus served a demand for a complaint by mail on plaintiffs' counsel at the address listed on the summons. When no complaint was received, defendants moved to dismiss the action on or about November 5, 2001. In his opposition to the motion, dated December 28, 2001, plaintiffs' counsel averred that he had gone through a bitter divorce that caused his practice to suffer, including failing to serve a complaint in this action. He further claimed he was delayed in answering this motion as he was served at his old address. He did not assert that he had advised the defendants of his change of address prior to that motion.

Significantly, counsel affirmed that he had served the complaint on defendants on December 5, 2001 and attached a copy as an exhibit to his opposition papers. Defendants did not deny receiving the complaint but noted it was four months past the deadline for responding to a demand to serve a complaint (CPLR 3012 [b]).

In denying the motion to dismiss in January 2002, the IAS court directed plaintiffs to serve and file a verified complaint annexed to the opposition papers within 30 days, notwithstanding the representation that the complaint had already been served. Defendants did not serve plaintiffs with a copy of this order, and plaintiffs' counsel claims he did not receive notice of the decision during that period.

In July 2002, while preparing the file for transfer to new attorneys, plaintiffs' counsel learned of the IAS court's decision for the first time. He was requested by new counsel to make a motion for an order directing the defendants to answer the complaint or, alternatively, for an order granting additional time to serve the verified complaint. This motion was made on or about October 4, 2002. Defendants cross-moved to dismiss the action because of plaintiffs' failure to serve a complaint within the time frame mandated by Justice Crispino's order of January

23, 2002. The IAS court found plaintiffs to have been in default of the prior order and granted defendants' cross motion to dismiss. This appeal ensued.

There is no question that a complaint was served prior to the decision on the first motion. Indeed, defendants had been served with the complaint approximately 10 months prior to their cross motion to dismiss for plaintiffs' purported failure to serve the complaint. Both sides' practice in this case was less than stellar. However, defendants never served the first order upon plaintiffs. They attempted to justify this omission in their moving papers by the subterfuge of annexing a copy as an exhibit in an effort to meet the statutory requirements. As this Court has noted, "it is axiomatic that before an order may be enforced, notice of such order must be given to the party against whom it is sought to be enforced" (*Matter of Raes Pharm., Inc. v Perales*, 181 AD2d 58, 62 [1992]).

It is significant that the first order denied defendants' motion to dismiss and directed service of the complaint within 30 days. The complaint had already been served, and had neither been rejected nor moved against by defendants prior to plaintiffs' motion to compel an answer. As a result, there is no predicate for dismissing the complaint for failing to comply with the first order. Moreover, this Court favors adjudication of actions on the merits (*Damselle, Ltd. v 500-512 Seventh Ave. Assoc.*, 184 AD2d 367 [1992]). No compelling reason has been advanced for dismissing this action, and public policy would be served by its reinstatement. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.