[907 NYS2d 583]

RAYMOND HERNANDEZ, JR., Plaintiff, v BENJAMIN H. MUELLER et al., Defendants.

Supreme Court, Kings County, August 16, 2010

### APPEARANCES OF COUNSEL

*Lipsig, Shapey, Manus & Moverman*, *P.C.* (*Erin K. Hurley* of counsel), for plaintiff.

### OPINION OF THE COURT

Jack M. Battaglia, J.

By order to show cause, plaintiff moves for an order, in effect, enforcing an order entered in the Central Compliance Part on May 17, 2010 that granted plaintiff's prior motion to compel compliance with a nonparty subpoena, and ordered the nonparty, Luis Hernandez, to appear for deposition on June 29, 2010. Specifically, plaintiff seeks an order, "pursuant to CPLR § 3124 and Judiciary Law § § 753 (A) (5) and 756 . . . to compel nonparty Luis Hernandez to comply with" the May 17, 2010 order "and to appear for a deposition on a date and time chosen by this Court"; and, "pursuant to CPLR § 2308, for costs and penalties against non-party Luis Hernandez for his failure to comply with the plaintiff's subpoena" and the May 17, 2010 order. (Order to show cause dated July 21, 2010.) For reasons that follow, this court declines at this time to enforce the May 17, 2010 order or the subpoena upon which it is based.

First, the method of service provided for in the order to show cause was not strictly complied with, and, since Luis Hernandez is a nonparty who has not appeared in this action, any

defect is jurisdictional in nature (*see Matter of Bruno v Acker-son*, 39 NY2d 718 [1976], *affg* 51 AD2d 1051 [2d Dept 1976]; *Matter of Stern v Garfinkle*, 22 AD3d 694, 694-695 [2d Dept 2005]; *Kue Mee Realty Corp. v Louie*, 295 AD2d 263, 263-264 [1st Dept 2002]; *Turkish v Turkish*, 126 AD2d 436, 439 [1st Dept 1987]). The order to show cause signed by Honorable Gloria M. Dabiri on July 21, 2010 required "personal service" upon nonparty Luis Hernandez on or before July 28, 2010. This court understands "personal service" to mean such service as would be effective under CPLR 308, "Personal service upon a natural person."

Plaintiff submits an affidavit of service on the familiar form. The affidavit is undated, as is the notary's jurat, but the defect may be disregarded (*see* CPLR 2001; *Harlem Metal Corp. v Segal*, 167 Misc 321, 322-323 [Bronx Mun Ct 1938]). The affidavit recites four attempts to deliver the order to show cause to Mr. Hernandez or a person of suitable age and discretion at his residence (*see* CPLR 308 [1], [2]). On three attempts, no one responded to the bell or "banging" on the door. On the fourth attempt, Mr. Hernandez "stood in vestibule behind closed glass panel dr & refused service" (affidavit of service of Jamal M. Asad). On the form, the boxes designated "affixing to door, etc." and "mailing to residence" are checked.

Tested against the requirements for effective service pursuant to CPLR 308 (1), the affidavit is insufficient. "[U]nder CPLR 308 (subd 1), delivery of a summons may be accomplished by leaving it in the 'general vicinity' of a person to be served who 'resists' service." (*Bossuk v Steinberg*, 58 NY2d 916, 918 [1983], quoting *McDonald v Ames Supply Co.*, 22 NY2d 111, 115 [1968].) "Thus, under that provision, if the person to be served interposes a door between himself and the process server, the latter may leave the summons outside the door, provided the person to be served is made aware that he is doing so." (*Id.*; *see also Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2d Dept 2003].)

For service to be effective, the person to whom delivery is purportedly made must be "made aware of the fact and manner of service" (*see Selby v Jewish Mem. Hosp.*, 130 AD2d 651, 652 [2d Dept 1987]); that is, that process or other legal papers are being delivered (*see Kapsis v Green*, 285 AD2d 492, 493 [2d Dept 2001]; *Roman v Guzzardo*, 198 AD2d 489, 489 [2d Dept 1993]; *Coyne v Besser*, 154 AD2d 503, 503-504 [2d Dept 1989]), and that the process or other legal papers will be left outside

the door (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344; *MacGregor v Piontkowski*, 133 AD2d 263, 263 [2d Dept 1987]; *Spector v Berman*, 119 AD2d 565, 566 [2d Dept 1986]).

The affidavit of service provides no basis for finding compliance with these requirements, and, therefore, does not support service pursuant to CPLR 308 (1). The affidavit may still support effective service pursuant to the "nail and mail" provisions of CPLR 308 (4). The court will assume that plaintiff does not have a business address for Luis Hernandez, and that the attempts at personal delivery constitute "due diligence" (*see* CPLR 308 [4]; *JPMorgan Chase Bank, N.A. v Szajna*, 72 AD3d 902, 903 [2d Dept 2010]; *Federal Natl. Mtge. Assn. v Rogers Realty & Mgt. Corp.*, 27 Misc 3d 1236[A], 2010 NY Slip Op 51072[U], *2-3 [Sup Ct, Kings County 2010]).

CPLR 308 (4) further requires, however, that proof of service in accordance with its provisions, including a follow-up mailing, be filed with the clerk of the court within 20 days of affixation or mailing, whichever is later; and provides that "service shall be complete ten days after such filing" (*see* CPLR 308 [4]). Here, the affidavit of service does not state when the mailing was made other than that it was within 20 days of affixation, as the statute requires. In determining compliance with the filing requirement, therefore, the court must use the date of affixation, i.e., July 28, 2010.

The affidavit of service was filed with the clerk of the court on August 9, 2010, which was within 20 days of affixation. But because service was not complete on that date, it did not comply with the order to show cause, which required "personal service" no later than July 28, 2010. Moreover, since the return date for the motion was also August 9, service was not complete on the return date.

The court has no reason to understand "personal service" as used in the order to show cause to mean anything other than service effective pursuant to CPLR 308, particularly where service is being made on a nonparty who has not previously appeared in the action, and where the motion seeks "costs and penalties" pursuant to CPLR 2308 and contains the notice required by Judiciary Law § 756 that "this hearing is to punish . . . Luis Hernandez for contempt of court" (order to show cause dated July 21, 2010; *see John Sexton & Co. v Law Foods*, 108 AD2d 785, 786 [2d Dept 1985] ["(N)otice of a contempt proceeding against a nonparty to the underlying action must be effected by personal service"]; *Hampton v Annal Mgt. Co.*, 168 Misc 2d 138, 139 [App Term, 1st Dept 1996]).

It appears that the common practice, of this court and others, of directing service of an order to show cause by "personal service" is problematic, particularly where service is required for personal jurisdiction, or where there are clear statutory notice requirements, such as for a motion to punish for contempt (*see* Judiciary Law § 756 ["no less than ten and no more than thirty days before the time at which the application is noticed to be heard"]). The potential for difficulties is not limited to service of an order to show cause on a nonparty. (*See e.g.* CPLR 403 [d] [special proceeding]; CPLR 6313 [b] [temporary restraining order].) An appropriate alternative might expressly state that service pursuant to CPLR 308 (2) or (4) shall be deemed complete upon the later of delivery, affixation, or mailing, and provide for filing proof of service on the return date.

There are reasons in addition to the lack of effective service as required by the order to show cause for denying the relief requested, either as enforcement of the May 17, 2010 Central Compliance Part order or the deposition subpoena dated February 12, 2010. The May 17 order was made on plaintiff's motion to compel, which was made by notice of motion. There is no proof of service of that motion among the papers submitted now, and, therefore, the motion may or may not have been served in the manner required for a summons. Unlike the pending order to show cause, which is ambiguous as to contempt, the notice of motion refers only to CPLR 3124 and 2308 (b), both of which relate only to compelling compliance, and not to punishment for contempt (*see* CPLR 2308 [a]).

In any event, the May 17 order directs plaintiff "to serve a copy of this order upon the defaulting Non-Party, Luis Hernandez, by 5/24/10"; the order does not, however, direct a method of service. According to an affidavit of service, a copy of the May 17 order was sent by first-class mail to Mr. Hernandez on June 4, 2010. "Where the rights of a party are or may be affected by an order, the successful moving party, in order to give validity to the order, is required to serve it on the adverse party." (*Fried v Carlucci & Legum*, 309 AD2d 829, 830 [2d Dept 2003], quoting *McCormick v Mars Assoc.*, 25 AD2d 433, 433 [2d Dept 1966].) "[I]t is axiomatic that before an order may be enforced, notice of such order must be given to the party against whom it is sought to be enforced." (*Lori v Malstrom*, 13 AD3d 243, 245 [1st Dept 2004], quoting *Matter of Raes Pharm. v Perales*, 181 AD2d 58, 62 [1st Dept 1992].)

As to service of an order, the CPLR states only, "Service of an order shall be made by serving a copy of the order" (CPLR 2220

[b]). The issue here, of course, is manner of service, and there is nothing further in the CPLR as to service of an order. As to parties, it would appear that the manner of service of an order would be governed by CPLR 2103 as to service of papers generally. (*See* Weinstein-Korn-Miller, NY Civ Prac ¶ 2220.02 [2d ed].) CPLR 2103 provides for the manner of service of all "interlocutory papers," i.e., "the myriad litigation papers that parties serve on one another after jurisdiction [is] obtained." (*See* Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2103:1.)

CPLR 2103 contains no provision for service on a nonparty, and it would appear, therefore, that absent a specific provision governing service of particular kinds of orders (*see e.g.* CPLR 6212 [c]) or a direction as to service in the order itself, an order must be served on a nonparty pursuant to the provisions for personal service found in CPLR 307 through CPLR 312-a. Indeed, that would appear to be so as to all "interlocutory papers," including a notice of motion. The regime in the federal courts seems to be the same. (*See* Fed Rules Civ Pro rule 5; *Lehman v Kornblau*, 206 FRD 345, 346-347 [ED NY 2001].)

Returning to the May 17 Central Compliance Part order, since it provides for service without designating the method of service, the order was required to be served by personal service in the manner of a summons, in this case pursuant to CPLR 308, and not by mail. The conclusion is particularly compelling since there is no evidence that jurisdiction was arguably obtained over Luis Hernandez by service of the notice of motion pursuant to CPLR 308.

Had the May 17 order been properly served, applying the law of the case doctrine (*see People v Evans*, 94 NY2d 499, 502-503 [2000]), this court would enforce it without looking behind the order to the enforceability of the subpoena on which the order is based. To the extent, however, that plaintiff would seek enforcement of the subpoena by contempt, which is not addressed by the May 17 order, this court is free to make its own determination on the enforceability of the subpoena, and, for two reasons at least, the court determines that it is not enforceable.

The deposition subpoena is dated February 12, 2010, and required attendance on April 5, 2010. According to an affidavit of service, the subpoena was served on Luis Hernandez on March 10, 2010 pursuant to CPLR 308 (1) in accordance with CPLR 2303 (a), which requires that "[a] subpoena requiring at-

tendance or a subpoena duces tecum shall be served in the same manner as a summons," and notice was given to defendants as required by CPLR 3107. (*See also* CPLR 3106 [b].) The subpoena was "served at least twenty days before the examination." (*See id.*; CPLR 3107.)

The affidavit of service indicates that $15 "was paid (tendered) to the recipient." "Any person subpoenaed shall be paid or tendered in advance authorized traveling expenses and one day's witness fee" (CPLR 2303 [a]; *see also Matter of Depue*, 185 NY 60, 70 [1906]). "He cannot be compelled to attend without such payment." (*See id.*; *see also Hampton v Annal Mgt. Co.*, 168 Misc 2d at 139.) Although no mileage fee was required because Mr. Hernandez was not required to travel out of the city (*see* CPLR 8001 [a]), as a nonparty subpoenaed to give testimony at an examination before trial, he was entitled to a witness fee of $18, not $15 (*see id.*; CPLR 8001 [b]). The difference is not de minimis. (*Compare Matter of Barbara [New York State Commn. of Investigation]*, 7 AD2d 340, 343-344 [3d Dept 1959] [amount tendered "inadequate by approximately 72 cents, due to a supposed miscalculation of the applicable mileage"].)

Further, CPLR 3101 permits disclosure from a nonparty "upon notice stating the circumstances or reasons such disclosure is sought or required" (*see* CPLR 3101 [a] [4]). A subpoena "served on a nonparty is 'facially defective' and unenforceable if it neither contains, nor is accompanied by, a notice stating the circumstances or reasons such disclosure is sought or required." (*See Kooper v Kooper*, 74 AD3d 6, 13 [2d Dept 2010], quoting *Matter of American Express Prop. Cas. Co. v Vinci*, 63 AD3d 1055, 1056 [2d Dept 2009].) In the First Department, a showing of such circumstances or reasons on a properly-served motion to compel might cure the defect (*see Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d 104, 111 [1st Dept 2006]), but the Second Department has expressly reserved on the question (*see Kooper v Kooper*, 74 AD3d at 13-14), and, in any event, there is no evidence here that the notice of motion was properly served.

The court also notes that the deposition subpoena contains the following language: "Witness, Honorable Jack M. Battaglia, one of the Justices of said Court at Supreme Court, New York County [*sic*], on the 12th day of February, 2010."

Such language, appropriate for an attorney subpoena that has been "so ordered," when the subpoena is not, is likely to mislead the recipient to believe that attendance has been ordered by the court, and, therefore, is legitimately required.

Counsel's letters of April 5 and June 29 to Luis Hernandez do not remedy any of the defects in the deposition subpoena.

In sum, the deposition subpoena dated February 12, 2010 was defective on its face in substantial respects, and this court will not directly enforce it. There is no proof that plaintiff's prior motion to compel, or the May 17, 2010 Central Compliance Part order that granted it, was properly served. The order to show cause dated July 21, 2010 was not properly served in accordance with its terms.

Plaintiff's motion is denied.