▮ TEDDY MOORE, Appellant, v TD BANK, N.A., Respondent. BARRY J. GLICKMAN et al., Nonparty Respondents. [912 NYS2d 890]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated October 15, 2009, as, upon granting that branch of his motion which was for leave to reargue his prior motion for leave to enter a default judgment, adhered to the original determination in an order dated July 8, 2009, denying his motion, and denied that branch of his motion which was for leave to enter a

default judgment for the defendant's failure to answer interrogatories, (2) from an order of the same court also dated October 15, 2009, which granted the defendant's motion for summary judgment dismissing the complaint, (3) from an order of the same court also dated October 15, 2009, which denied his motion for summary judgment on the issue of liability, and (4) from an order of the same court also dated October 15, 2009, which denied his motion to hold nonparties Barry J. Glickman and Jason Sbalcio in contempt.

Ordered that the first order dated October 15, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the three remaining orders dated October 15, 2009, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Upon granting leave to reargue, the Supreme Court properly adhered to its original determination denying the plaintiff's motion for leave to enter a default judgment. The plaintiff failed to demonstrate that the court overlooked or misapprehended a matter of fact or law in determining the prior motion (*see* CPLR 2221 [d] [2]).

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's motion for summary judgment on the issue of liability (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The defendant established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court properly denied the plaintiff's motion to hold nonparties Barry J. Glickman and Jason Sbalcio in contempt. Since neither of the nonparties was personally served with the contempt motion, the court did not have jurisdiction over them (*see John Sexton & Co. v Law Foods*, 108 AD2d 785 [1985]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.