People v Small (2019 NY Slip Op 08947)





People v Small


2019 NY Slip Op 08947


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10566 3606/09

[*1] The People of the State of New York, Respondent,
v
Durville Small, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia S. Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered February 27, 2018, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 23 years, unanimously affirmed.
Defendant failed to preserve, and affirmatively waived, his claim that the New York County District Attorney's Office, acting as special prosecutor, unlawfully represented the People at sentencing after its authority to do so had been rescinded, and we decline to review it in the interest of justice. The alleged procedural error did not go to the substantive legality of the sentence (see People v Samms, 95 NY2d 52, 58 [2000]), and it did not fall within the narrow category of mode of proceedings errors (see People v Mack, 27 NY3d 534, 540-541 [2016]).
In any event, the order removing the special prosecutor and reinstating the Bronx District Attorney had not yet been entered at the time of sentencing. Therefore, it was not enforceable against the affected party (see generally Lori v Malstrom, 13 AD3d 243 [1st Dept 2004]). We also note that the order had been granted inadvertently, on the day before sentencing, by an administrative judge who was unaware that defendant had withdrawn his request for that relief, and this order, itself, was ultimately rescinded.
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [2016]), which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK