■ LELAND FOSTER et al., Respondents, v. J. BURCH McMORRAN, Appellant, et al., Defendant.— Order unanimously reversed on the law and facts, without costs, motion granted, and complaint dismissed. Memorandum: Defendant appeals from an order of Herkimer Special Term which denied his motion to dismiss plaintiffs' complaint on the ground, *inter alia,* of lack of jurisdiction of his person. The appellant was sued individually and not as a State officer. The summons was not served on him personally but while he was temporarily absent from the State it was delivered to a person in his office who was not shown to have been designated by him to receive service on his behalf. Jurisdiction of an individual defendant is obtained only by personal delivery of the summons to him (CPLR 308) and delivery to some other person does not constitute valid personal service even though the summons thereafter comes into his possession. (*McDonald* v. *Ames Supply Co.*, 22 N Y 2d 111.) Jurisdiction of appellant's person was not obtained by delivery of the summons to another person and the court lacked jurisdiction of his person unless it was obtained by service of a notice of appearance in the action on his behalf. On February 2, 1968 the Attorney-General served a notice of appearance on plaintiffs' attorney which stated, " this office appears for defendant, J. Burch McMorran in this action and demand that a copy of the complaint and all notices and other papers therein be served on this office ". There being no complaint served with the

summons the appellant's attorney did not then know what cause of action might be alleged against McMorran. The complaint was thereafter served on October 28, 1968. Appellant did not answer the complaint but served a notice of motion to dismiss it on November 8, 1968. The Civil Practice Act contained provisions for special appearances when there were issues as to jurisdiction of the person. (Civ. Prac. Act, § 237-a.) A general appearance on behalf of a party was then equivalent to personal service of a summons upon him and conferred jurisdiction of the person of such party. (Civ. Prac. Act, § 237.) There is no provision for special appearances in CPLR. CPLR 320 (subd. [b]) (as amended by Judicial Conference Feb. 1, 1964 and Feb. 1, 1965 in effect on Feb. 2, 1968 when appellant's notice of appearance was served) provides: "Subject to the provisions of subdivision (c), an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion  *   *   * as provided in rule 3211." CPLR 3211 (subd. [a]) provides: "A party may move for judgment dismissing one or more causes of action  *   *   *  on the ground that:  *   *   *  8. the court has not jurisdiction of the person of the defendant". Appellant made such a motion on November 8, 1968 after plaintiffs had served their complaint on October 28, 1968. Thus the notice of appearance in this case is not the equivalent to personal service of the summons on defendant and it did not confer jurisdiction of appellant. (Cf. *Matter of Shanty Hollow Corp.* v. *Poladian,* 23 A D 2d 132, affd. 17 N Y 2d 536; *Wahrhaftig* v. *Spare Design Group,* 29 A D 2d 699.) Inasmuch as the summons was not served on appellant and appellant moved for judgment dismissing the causes of action alleged in the complaint pursuant to CPLR 3211 (subd. a, par. 8) the court did not acquire jurisdiction of his person by service of the notice of appearance in his behalf. (Appeal from order of Herkimer Special Term denying motion to dismiss complaint in negligence action.) Present — Marsh, J. P., Witmer, Moule and Henry, JJ.