■ RALPH MACCHIA, Respondent, v SALVATORE RUSSO, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, defendant Salvatore Russo appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated April 27, 1984, as denied that branch of a motion which sought dismissal of the complaint as against him based on lack of in personam jurisdiction.

Order reversed insofar as appealed from, on the law, with costs, that branch of the motion which sought dismissal of the complaint as against appellant granted, and action as against the remaining defendant severed.

The uncontradicted evidence adduced at the traverse hearing indicated that (1) on February 15, 1978 the process server handed the summons with notice to appellant's son outside of appellant's home and (2) the appellant's son thereupon went into appellant's home alone, and gave the process to appellant. Under these circumstances, personal jurisdiction was not obtained over the defendant Salvatore Russo *(see, McDonald v Ames Supply Co.,* 22 NY2d 111; *Foster v McMorran,* 33 AD2d 978).

The cases cited by plaintiff are all distinguishable on their face and cannot overcome the general rule that "personal delivery of a summons to the wrong person does not constitute valid personal service even though the summons shortly comes into the possession of the party to be served" *(McDonald v Ames Supply Co., supra,* pp 114-115). Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.