■ DOLORES SELBY, Respondent, v JEWISH MEMORIAL HOSPITAL, Defendant, and E. RUBIN, Appellant.—In a medical malpractice action, the defendant Rubin appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated January 15, 1986, which (1) granted the plaintiff's motion to strike his affirmative defense of lack of personal jurisdiction; and (2) denied his cross motion for summary judgment dismissing the complaint as against him on the ground of lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed as against the defendant Rubin.

The record reveals that the plaintiff's process server arrived at the defendant Dr. Rubin's office on January 18, 1980, for the purpose of personally serving the summons and complaint upon him. After waiting in the outer office to see the defendant physician, the process server informed the office receptionist that he would announce the purpose of his visit to the patients in the waiting room unless he was permitted to serve Dr. Rubin with process. The receptionist then walked back into the inner office and conversed with someone whom the process server did not see or know, after which she returned and stated that she was authorized to accept service. The receptionist accepted the papers proffered by the process server and signed a second copy of the pleadings to signify her receipt of same, after which the process server left the office. The Supreme Court, Kings County, concluded from the foregoing facts that service on Dr. Rubin was properly effected pursuant to CPLR 308 (1). We disagree.

We have previously held on facts almost identical to these that "[w]hile delivery to a person who is in the proximity and view of the person to be served, together with attendant

exigent circumstances, may satisfy the statutory requirements of CPLR 308 (subd 1) with respect to service, such delivery made outside the presence of the person to be served does not conform with the requirements of CPLR 308 (subd 1) with respect to personal service" *(Espy v Giorlando,* 85 AD2d 652-653, *affd* 56 NY2d 640). The plaintiff's process server conceded at the hearing that he did not at any time see Dr. Rubin at the office, hence delivery of the summons was not made in the defendant doctor's presence and jurisdiction over Dr. Rubin was not obtained *(see, Macchia v Russo,* 115 AD2d 595, *affd* 67 NY2d 592).

Insofar as the plaintiff claims that such delivery was proper in view of Dr. Rubin's intent to evade service, we note that were we to adopt the hearing court's finding with respect to the issue of evasiveness, service would nevertheless be inadequate because the plaintiff failed to demonstrate both that the papers were left in the general vicinity of the defendant doctor and that Dr. Rubin was made aware of the fact and manner of service *(see, e.g., Haak v Town of Wheatland,* 86 AD2d 961; *see generally, Bossuk v Steinberg,* 58 NY2d 916; *Spector v Berman,* 119 AD2d 565).

Additionally, we observe that service could properly have been effected pursuant to CPLR 308 (2) by the mailing of a copy of the summons and complaint to Dr. Rubin at his residence. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.