■ BENTON CADLETT, Appellant, v ST. JOHN'S EPISCOPAL HOSPITAL, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated September 8, 1986, which, after a hearing, granted the

defendant's motion for summary judgment dismissing the complaint upon the ground of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

In its answer, the defendant St. John's Episcopal Hospital (hereinafter the hospital) asserted, *inter alia,* the affirmative defense of lack of personal jurisdiction by reason of improper service. After the applicable Statute of Limitations had expired, the hospital moved for summary judgment dismissing the complaint due to the defective service and the expiration of the Statute of Limitations. Among the hospital's moving papers was an affidavit from Leonard Fogel, an associate administrator of the hospital, stating that Bertha Rivara, the switchboard operator employed by the hospital and the person upon whom service of process was made, was not a person authorized by appointment or by law *(see,* CPLR 311 [1]; 318) to accept service on behalf of the hospital. The plaintiff's papers in opposition included an affidavit of Warren Bozarth, the process server, who claimed that Rivara had accepted service of the papers stating that she was authorized to do so.

At the hearing, Rivara testified that she had been employed by the hospital for 10 years as a switchboard operator. Her understanding was that only the hospital's "administration" could accept service of process on behalf of the hospital and she was not authorized to do so. On Saturday, April 23, 1983, when the process server approached, Rivara informed him that she was not authorized to accept service and he would have to return on Monday when the administrative offices were open. The process server responded by flinging the summons at Rivara and quickly walking away. Rivara then paged the nursing supervisor and gave her the summons. Rivara further testified that no one authorized to accept service was present at the hospital on Saturday.

Sandra Hatch, an executive assistant to the hospital administrator, testified that only persons in the "Administration" department, which was open from Monday through Friday, 9:00 A.M. to 5:00 P.M., were authorized to accept service of process. If she was not available, a secretary in that department could accept service.

Bozarth testified that when he attempted to serve the papers Rivara told him that the administration offices were closed and no one was available to accept service. When Bozarth told Rivara he could not come back another time, she agreed to take the papers and deliver them to the proper authorities on Monday. Bozarth did not recall Rivara ever refusing to take the papers.

Following the completion of the hearing, the court granted the hospital's motion upon its finding that service upon the hospital was defective because Rivara was not a managing agent within the meaning of CPLR 311 (1).

Upon this appeal, the plaintiff essentially concedes that Rivara was not a person authorized to accept service on behalf of the hospital. However, he argues that the redelivery of the summons to a nursing supervisor was sufficient to validate service because the nursing supervisor constituted a "managing agent" of the hospital authorized to accept service for purposes of CPLR 311 (1). The plaintiff did not proceed on this theory before the hearing court, thereby depriving the hospital of the opportunity to defend against that claim or for the hearing court to address it in its decision. Therefore, the issue being raised for the first time on appeal may not properly be considered by this court *(see, e.g., Matter of Quick & Reilly [Davidson],* 103 AD2d 958, 959-960; *Mulligan v Lackey,* 33 AD2d 991, 992, *on remand* 34 AD2d 732). Since process was not personally delivered to any other statutorily recognized agent of the hospital, the hearing court properly granted the hospital's motion for summary judgment dismissing the action *(see, Arce v Sybron Corp.,* 82 AD2d 308; *Colbert v International Sec. Bur.,* 79 AD2d 448, *lv denied* 53 NY2d 608). Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.