■ Claire L. Hoffman, Respondent, v Jerome Petrizzi et al., Defendants, and Garden City Orthopedic Associates, P. C., et al., Appellants.—In an action to recover damages, *inter alia,* for medical malpractice, the defendants, Garden City Orthopedic Associates, P. C., Carle A. Weiss, M.D., and

Peter Langan, M.D., appeal from so much of an order of the Supreme Court, Nassau County (Christ, J.), entered August 19, 1987, as (1) granted the plaintiff's motion to strike their affirmative defense of lack of personal jurisdiction, and (2) denied that branch of their cross motion which was to dismiss the complaint as against them for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is denied, the branch of the appellants' cross motion which was to dismiss the complaint as against them for lack of personal jurisdiction is granted and the complaint is dismissed as against the appellants.

On June 2, 1987, a hearing was held at which the plaintiff's process server testified that in April of 1985 he went to the appellants' office, located at 950 Franklin Avenue in Garden City, in an attempt to serve process upon them. He approached the receptionist and asked to see the doctors. The receptionist replied, "OK, hold on a minute" and went into the back. When she returned she said, "[t]hey are all busy and I will take them for them." The process server thereupon handed the papers to her and left. The process server could not remember if the receptionist represented that she was authorized to accept service. He further testified that he had not observed the appellants and did not recall whether he heard their voices. The plaintiff conceded that there was no mailing of the legal papers to the appellants, but contended that service with respect to the individual appellants was proper based on CPLR 308 (1), and service with respect to the professional corporation was proper based on CPLR 311 (1). The Supreme Court agreed with the plaintiff. We reverse.

As this court recently stated in *Selby v Jewish Mem. Hosp.* (130 AD2d 651), " '[w]hile delivery to a person who is in the proximity and view of the person to be served, together with attendant exigent circumstances, may satisfy the statutory requirements of CPLR 308 (subd 1) with respect to service, such delivery made outside the presence of the person to be served does not conform with the requirements of CPLR 308 (subd 1) with respect to personal service' " (quoting from *Espy v Giorlando*, 85 AD2d 652, 653, *affd* 56 NY2d 640). At bar, delivery of the legal papers was not made in the presence of the appellants Weiss and Langan and, accordingly, as to them, was not made in conformance with CPLR 308 (1).

Nor was service made in compliance with CPLR 311 (1) with

respect to the professional corporation. The receptionist was clearly not an officer, director, managing agent, or cashier of the professional corporation and there is no evidence that she was an agent authorized by appointment or law to accept service on its behalf *(see,* CPLR 311 [1]). The receptionist merely stated with respect to the legal papers that "I will take them", after which the process server left without further inquiry. Moreover, there is nothing in the record to indicate that this receptionist ever accepted service of process for the professional corporation in the past. Under these circumstances, the professional corporation was not properly served *(see, Colbert v International Sec. Bur.,* 79 AD2d 448, *lv denied* 53 NY2d 608; *see also, Cadlett v St. John's Episcopal Hosp.,* 134 AD2d 394; *Arce v Sybron Corp.,* 82 AD2d 308). Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.