■ MOLLY KREIDMAN, Appellant, v FLATBUSH MEDICAL CENTER et al., Defendants, and SEYMOUR BRENNER et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated July 8, 1988, which (1) granted the defendant Seymour Brenner's motion for summary judgment dismissing the complaint as asserted against him, and (2) denied the plaintiff's cross motion to amend the summons and the verified complaint so as to name Community Radiology Associates, P. C., as a defendant, and to dismiss Seymour Brenner's affirmative defense of lack of jurisdiction.

Ordered that the order is affirmed, with costs.

The evidence adduced at the hearing reveals that on February 10, 1986, the plaintiff's process server appeared at the medical offices of Kings Plaza Radiology Associates, P. C., and Community Radiology Associates, P. C., both located at 2270 Kimball Street, Brooklyn, to make personal service of a summons and complaint upon the defendant Seymour Brenner. The process server was denied access to Brenner by the receptionist, who took the papers for him. The Supreme Court found that jurisdiction was not properly obtained over Brenner. The Supreme Court also ruled that the evidence was insufficient to establish that the proposed defendant Community Radiology Associates, P. C., was united in interest with the timely and validly served defendant Kings Plaza Radiology Associates, P. C., so as to justify amending the caption and joining it as a named defendant, notwithstanding that Community Radiology Associates, P. C., was not separately served and notwithstanding that the Statute of Limitations had long since expired. We agree with both determinations.

CPLR 308 (1) requires personal delivery of a summons to a defendant (see, Macchia v Russo, 115 AD2d 595, affd 67 NY2d 592). Here, it is undisputed that delivery to the receptionist was not made in Brenner's presence and it is clear that the redelivery to Brenner which was thereafter effectuated was not so close in time and space as to constitute part of the act of delivery to the receptionist (see, McDonald v Ames Supply Co., 22 NY2d 111; see also, Macchia v Russo, supra). Moreover, there is no evidentiary support for the plaintiff's assertion that the receptionist is or was held out to be Brenner's agent for jurisdictional purposes (cf., CPLR 308 [3]; 318; see, Espy v Giorlando, 56 NY2d 640).

Although the two corporations which the plaintiff in effect asserts are united for jurisdictional and Statute of Limitations purposes share an address and shareholders, they have different leases, different bank accounts and perform different medical functions. We discern no basis for disturbing the determination that the two entities are not jurisdictional alter egos of each other (cf., Taca Intl. Airlines v Rolls-Royce of England, 15 NY2d 97). Moreover, the plaintiff has made no showing that either Kings Plaza Radiology Associates, P. C., or Community Radiology Associates, P. C., would be vicariously liable for the acts or omissions of the other. Consequently, the plaintiff has failed to demonstrate that these corporations necessarily have the same defenses to the plain-

tiff's claim, will stand or fall together, and are consequently united in interest *(see, Connell v Hayden,* 83 AD2d 30). Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.