■ Maria V. Todaro, Individually and as Administratrix of the Estate of Carla F. Todaro, Deceased, et al., Respondents, v Wales Chemical Co. et al., Defendants, and Barre National, Inc., et al., Appellants.—In an action, *inter alia*, to recover damages for personal injuries and wrongful death, the defendants Barre National, Inc., and National Pharmaceutical Manufacturing Company appeal from so much of an order of the Supreme Court, Queens County (LeVine, J.), as (1) granted that branch of the plaintiffs' motion which was to dismiss their defenses based upon improper service of process and the Statute of Limitations, and (2) denied their cross motion to dismiss the plaintiffs' fifth cause of action, to recover damages for wrongful death, as barred by the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was to strike the appellant's affirmative defenses based upon improper service of process and the Statute of Limitations are denied, and the appellants' cross motion to dismiss the fifth cause of action is granted.

Contrary to the plaintiff's contentions, the service of process upon a person employed as a manufacturing clerk and relief switchboard operator who had been hired only 19 months before the alleged service was insufficient to acquire jurisdic-

tion over the appellants *(see,* CPLR 311 [1]; *Colbert v International Sec. Bur.,* 79 AD2d 448, 453). While a process server may generally rely upon the direction of corporation employees in delivering a summons, the process server's reliance must necessarily be reasonable *(see, Fashion Page v Zurich Ins. Co.,* 50 NY2d 265, 273). Further, the service in question must be made "in a manner which, objectively viewed, is calculated to give the corporation fair notice" *(Fashion Page v Zurich Ins. Co., supra,* at 272) of the action. We find the service made at bar to be lacking in both of the foregoing respects.

The person with whom process was left, a Ms. Sandra Watts, was a 19-year-old clerk, whose principal duties included the filing and typing of memoranda. Ms. Watts also served as a "relief switchboard operator", covering the telephones and receptionist's desk once a day for approximately one half hour while the regular receptionist went to lunch. She stated that she had never received a summons while acting as switchboard operator and had never been authorized to accept process on behalf of the appellants. Although the plaintiffs' process server—who had no present recollection of the service in question—stated that he would not have left the summons with an individual who denied possessing the authority to accept it, the record contains nothing which could otherwise support a reasonable belief that Ms. Watts was authorized to accept process on behalf of the appellants *(see, Hoffman v Petrizzi,* 144 AD2d 437, 439; *Cadlett v St. John's Episcopal Hosp.,* 134 AD2d 394; *Arce v Sybron Corp.,* 82 AD2d 308, 314; *Colbert v International Sec. Bur., supra,* at 452). To the contrary, the record indicates that Ms. Watts was "without supervisory duties or any administrative power to act on behalf of the appellants" *(Colbert v International Sec. Bur., supra,* at 452; *Arce v Sybron Corp., supra).* Nor is there anything in the record suggesting that Ms. Watts had ever accepted service of process for the appellants in the past or that leaving process with her was reasonably calculated to give the appellants fair notice of the commencement of suit *(see, Fashion Page v Zurich Ins. Co., supra,* at 271, 272; *Hoffman v Petrizzi, supra,* at 439; *Sullivan Realty Org. v Syart Trading Corp.,* 68 AD2d 756, 758). Under the circumstances, the plaintiffs have failed to sustain their burden of establishing that the appellants were properly served, and the fifth cause of action to recover damages for wrongful death is barred by the Statute of Limitations *(see, Colbert v International Sec. Bur., supra,* at 452; *see also, Hoffman v Petrizzi,*

*supra).* Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.