■ LINDA D. W. MORGAN, Respondent, v CENTRAL GENERAL HOSPITAL, Defendant, and JEFFREY SHERWOOD et al., Appellants.

The plaintiff's process server attempted to effect personal service upon the defendant Jeffrey Sherwood, a physician, by leaving a copy of the summons in this medical malpractice action with Dr. Sherwood's receptionist. Dr. Sherwood was not present in the reception area at the time. The process server's affidavit contains a brief notation that the receptionist "accepted papers for doctor—would not let me go in back to hand it to him". The corporation through which the defendant Jeffrey Sherwood practices medicine, Jeffrey Sherwood, P. C., was not named as a defendant in this Supreme Court action, and no service of a summons was attempted upon it.

Shortly thereafter, Jeffrey Sherwood, P. C., commenced a collection action for unpaid fees in the Nassau County District Court. The unpaid fees related to the medical services which formed the basis of the allegations of malpractice by the plaintiff in the Supreme Court action. Prior to the service of Dr. Sherwood's answer in the Supreme Court action, and upon the plaintiff's application, the District Court and Supreme Court actions were consolidated.

Thereafter, Dr. Sherwood moved to dismiss the complaint in the malpractice action insofar as asserted against him on the ground that service of process had not been made in conformity with the requirements of CPLR 308 (1). The Supreme Court denied the motion. Relying on the process server's affidavit, the court concluded that Dr. Sherwood was attempting to "thwart" the service of process. Alternatively, the court found that since Dr. Sherwood had commenced the collection action in the District Court and opposed the plaintiff's subse-

quent application to consolidate the two matters, Dr. Sherwood had thereby "subjected" himself to the jurisdiction of the court in connection with the malpractice action. We reverse.

As we have recently observed within a similar factual context, delivery of a summons and complaint outside the presence of the person to be served does not conform with the requirements of CPLR 308 (1) with respect to personal service *(see, Hoffman v Petrizzi,* 144 AD2d 437, 438; *Selby v Jewish Mem. Hosp.,* 130 AD2d 651; *Espy v Girolando,* 85 AD2d 652, 653, *affd* 56 NY2d 640; *cf., Todaro v Wales Chem. Co.,* 173 AD2d 696). There is no dispute at bar that Dr. Sherwood was not present when process was left with his receptionist. Nor can it be inferred from the process server's affidavit, that Dr. Sherwood was attempting to thwart service. The process server's affidavit does not indicate that Dr. Sherwood was present, or for that matter, that he was attempting to evade service, at the time process was left with his receptionist. Further, there is no evidence in the record establishing that he directed his receptionist to accept process on his behalf. In light of the foregoing, delivery of process to Dr. Sherwood's receptionist cannot be considered proper service pursuant to CPLR 308 (1) *(see, Hoffman v Petrizzi, supra).*

It cannot be concluded that the individual defendant— Jeffrey Sherwood, M.D.—subjected himself to the jurisdiction of the court herein merely because his professional corporation instituted a collection action in the District Court and opposed the plaintiff's motion to consolidate the collection and malpractice actions. The record reveals that subsequent to the consolidation of the two actions, Dr. Sherwood filed an answer which raised an alleged deficiency of the plaintiff's service as an affirmative defense. Nor is there any dispute that prior to this motion to dismiss, Dr. Sherwood had not previously moved to dismiss the complaint upon any of the grounds specified in CPLR 3211 (a) *(see,* CPLR 3211 [e]; *cf., Addesso v Shemtob,* 70 NY2d 689, 690; *Tralongo v State of New York,* 161 AD2d 584, 585; *DeFilppis v Perez,* 148 AD2d 490). Inasmuch as Dr. Sherwood did not waive the defense of lack of personal jurisdiction on which he now relies, and since the service upon Dr. Sherwood was defective, his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him personally should have been granted. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.