■ AMERICAN FEDERAL GROUP, LTD., et al., Appellants, v UNION CHELSEA NATIONAL BANK, Respondent. [721 NYS2d 2] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 9, 1999, dismissing the complaint, and bringing up for review an order, entered on or about December 7, 1999, which, in an action against a bank arising out of its payment of a check bearing an allegedly unauthorized signature, granted defendant's motion to confirm a Special Referee's report finding that defendant was not properly served with process, to vacate the previously entered default judgment against it, and to dismiss the action, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The Special Referee's finding that defendant was not served in accordance with CPLR 311 has ample support in the record, including, in particular, the testimony of the person to whom the process was allegedly delivered. In this regard, there is simply no persuasive countervailing evidence to support plaintiffs' assertion that such person had the authority, or apparent authority, to accept service (see, Todaro v Wales Chem. Co., 173 AD2d 696). Moreover, since the action was time-barred as of its commencement, the revival remedy under CPLR former 306-b (b) is not applicable to this pre-1998 action (see, Floyd v Salamon Bros., 249 AD2d 139, 140, lv denied 92 NY2d 816), and does not afford plaintiffs another chance at service (see, Maldonado v Maryland Rail Commuter Serv. Admin., 91 NY2d 467, 472). The alleged fraud occurred in March 1988 when defendant paid the check, and the summons and complaint were filed more than six years later in August 1994. In April 1988, plaintiffs received defendant's statement of account

enclosing the allegedly fraudulent check, and thus, at that time, had the information necessary to discover the alleged fraud within the six-year limitations period. The action was therefore time-barred under CPLR 213 (8), and 203 (g). We would add that the action also appears to have been barred by UCC 4-406 (4), limiting the time to report an unauthorized signature to one year. Concur—Williams, J. P.; Mazzarelli, Lerner, Rubin and Buckley, JJ.