■ SUSAN GLEIZER, Appellant, v AMERICAN AIRLINES, INC., et al., Defendants, and LARO SERVICE SYSTEMS, INC., Respondent. [815 NYS2d 740]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated June 6, 2005, which granted the motion of the defendant Laro Service Systems, Inc., to renew and, upon renewal, granted its motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The affidavit of the plaintiff's process server showed that on October 25, 2004, the plaintiff attempted to serve an amended summons and complaint on the defendant Laro Service Systems, Inc. (hereinafter Laro), by delivering a copy to a "receptionist" who "stated she is the receptionist of such corporation." Service was not made in compliance with CPLR 311 (a) (1) with respect to Laro. The receptionist was clearly not an officer, director, managing agent, or cashier of the corporation and there is no evidence that she was an agent authorized by appointment or law to accept service on its behalf (see CPLR 311 [a] [1]; *Reuter v Haag,* 224 AD2d 603, 604 [1996]; *Todaro v Wales Chem. Co.,* 173 AD2d 696 [1991]; *Hoffman v Petrizzi,* 144 AD2d 437 [1988]; *Albilia v Hillcrest Gen. Hosp.,* 124 AD2d 499 [1986]; *cf. Eastman Kodak Co. v Miller & Miller Consulting Actuaries,* 195 AD2d 591 [1993]; *Gammon v Advanced Fertility Servs.,* 189 AD2d 561 [1993]). Accordingly, the Supreme Court properly granted Laro's motion to dismiss since it did not have jurisdiction over Laro (see CPLR 3211 [a] [8]).

The plaintiff's remaining contention is without merit. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.