■ STEVEN COVILLION, Appellant, v TRI STATE SERVICE CO., INC., et al., Defendants, and BISHAMON INDUSTRIES CORPORATION, Respondent. [851 NYS2d 645]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Horowitz, J.), dated November 15, 2006, which denied that branch of his motion which was for leave to enter a default judgment against the defendant Bishamon Industries Corporation and granted that branch of the cross motion of the defendant Bishamon Industries Corporation which was to dismiss the

complaint insofar as asserted against it pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

The affidavit of the plaintiff's process server showed that on May 5, 2004 the plaintiff attempted to serve the summons and complaint on the defendant Bishamon Industries Corporation (hereinafter Bishamon), by delivering a copy to one of its employees, Eric Nash. This employee, a customer service representative, stated that he had never been authorized to accept process on behalf of Bishamon. Although the plaintiff's process server—who had no present recollection of the service in question—stated that she would not have left the summons with an individual who denied possessing the authority to accept it, the record contains nothing which could otherwise support a reasonable belief that Nash was authorized to accept process on behalf of Bishamon (*see Todaro v Wales Chem. Co.,* 173 AD2d 696, 697 [1991]). Nash was clearly not an officer, director, managing agent, or cashier of the corporation and there is no evidence that he was an agent, authorized by appointment or law, to accept service on its behalf (*see* CPLR 311 [a] [1]; *Gleizer v American Airlines, Inc.,* 30 AD3d 376 [2006]; *Reuter v Haag,* 224 AD2d 603, 604 [1996]; *Todaro v Wales Chem. Co.,* 173 AD2d 696 [1991]).

Accordingly, the Supreme Court properly granted that branch of Bishamon's cross motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (8), since the court did not have jurisdiction over Bishamon.

In light of our determination, we need not reach the remaining contentions. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.