In an action, inter alia, to recover damages for personal injuries and wrongful death, the defendant/third-party defendant, Omni Recycling of Babylon, Inc., appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered January 23, 2012, which denied its motion pursuant to CPLR 5015 (a) (4) and 317 to vacate an order of the same court (Tanenbaum, J.) dated June 1, 2007, granting the unopposed motion of the defendant/third-party plaintiff, Town of Babylon, for leave to enter judgment against it on the issue of liability, upon its failure to answer the third-party complaint, and, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the third-party complaint for lack of personal jurisdiction.
Ordered that the order entered January 23, 2012, is reversed, on the law, with costs, and the motion of the defendant/third-party defendant, Omni Recycling of Babylon, Inc., to vacate the order dated June 1, 2007, and, in effect, to dismiss the third-party complaint for lack of personal jurisdiction is granted.
The affidavit of the process server of the defendant/third-party plaintiff, Town of Babylon, showed that on August 9, 2006, the Town attempted to serve the defendant/third-party defendant, Omni Recycling of Babylon, Inc. (hereinafter Omni Babylon), with the third-party summons and complaint by delivering a copy to one of its employees, “Michael Colletta,” who was identified as a project manager, at an address in Great Neck. The affidavit of Omni Babylon’s Chief Operating Officer, together with other evidence in the record, established that Michael Colletta was not an officer, director, managing agent, cash *644 ier, or an agent authorized by appointment to accept service on behalf of Omni Babylon (see CPLR 311 [a] [1]; Fashion Page v Zurich Ins. Co., 50 NY2d 265, 271 [1980]; Heller v Frota Oceanica E Amazonica, S.A., 81 AD3d 894, 897 [2011], cert denied 566 US —, 132 S Ct 1870 [2012]; Covillion v Tri State Serv. Co., Inc., 48 AD3d 399, 400 [2008]; Colbert v International Sec. Bur., 79 AD2d 448, 453 [1981]). Accordingly, jurisdiction over Omni Babylon was not obtained in the third-party action, and those branches of Omni Babylon’s motion which were pursuant to CPLR 5015 (a) (4) to vacate the default order dated June 1, 2007, and, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the third-party complaint for lack of personal jurisdiction, should have been granted.
In light of our determination, we need not reach Omni Babylon’s remaining contentions. Angiolillo, J.E, Balkin, Austin and Miller, JJ., concur.