Godwin v Upper Room Baptist Church (2019 NY Slip Op 06753)





Godwin v Upper Room Baptist Church


2019 NY Slip Op 06753


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-09921
 (Index No. 7293/14)

[*1]Ann Godwin, appellant, 
v
Upper Room Baptist Church, respondent.


Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York, NY (Howard Schatz of counsel), for appellant.
Windels Marx Lane & Mittendorf, LLP, New York, NY (Charles E. Simpson and David Lopez of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Derefim Neckles, Ct. Atty. Ref.), dated June 29, 2018. The order, after a hearing, determined that the defendant was not properly served with process.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The plaintiff commenced the instant action to recover damages for personal injuries after she allegedly fell on a sidewalk abutting premises owned by the defendant. The defendant failed to appear or answer the complaint, and the plaintiff's motion for leave to enter a default judgment was granted. After an inquest, the plaintiff was awarded a judgment dated July 20, 2017. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the default judgment. After a hearing, the Supreme Court issued an order determining that the defendant was not properly served with process. The plaintiff appeals from that order.
At a hearing on the validity of service of process, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence (see Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776). Here, the plaintiff failed to meet that burden. The process server allegedly effectuated service by personal delivery on the defendant church (see CPLR 311[a][1]), which required him to deliver the summons and complaint to "an officer, director, managing or general agent, or . . . any other agent authorized . . . to receive service" (id.). "While a process server may generally rely upon the direction of corporation employees in delivering a summons, the process server's reliance must necessarily be reasonable" (Todaro v Wales Chem. Co., 173 AD2d 696, 697; see Fashion Page v Zurich Ins. Co., 50 NY2d 265, 272-273; Covillion v Tri State Serv. Co., Inc., 48 AD3d 399, 400).
In the present case, the process server testified at the hearing that he went to the defendant church at 7:50 p.m. on May 27, 2014, which was a Tuesday. He encountered an individual and "asked for who is in charge at the moment." The process server asked the individual if he was authorized to receive "the documents." According to the process server, the individual said "yes," and the process server gave the individual the summons and complaint. There was no testimony as to whether the process server inquired of the individual, who would not provide his name, if he worked at the church, and, if so, what his job or responsibilities were. Further, while the process server had averred in his affidavit of service that he knew the individual he served to be the "managing agent," there was no testimony confirming or explaining that averment. Under the circumstances, the plaintiff failed to establish that the process server reasonably believed that the individual to whom he delivered the summons and complaint was authorized to receive it (see Covillion v Tri State Serv. Co., Inc., 48 AD3d at 400; Hailey v Hyster Co., 190 AD2d 711, 712; cf. Fashion Page v Zurich Ins. Co., 50 NY2d at 273).
Accordingly, we agree with the Supreme Court's determination that the defendant was not properly served with process. We therefore affirm the order and remit the matter to the Supreme Court, Kings County, inter alia, for a determination of the defendant's motion, inter alia, to vacate the default judgment.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court