· HUGH ABBOTT, Respondent, v EDWARD VAN ACKER, as President of Local No. 7, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States of America and Canada, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered June 26, 1978 in Saratoga County, which denied defendants' motion to dismiss the "first", "fourth" and "fifth" causes of action as set forth in plaintiff's complaint upon the ground that State courts do not have subject matter jurisdiction. Plaintiff is a plumber and pipefitter and a member of Local No. 61 at Troy, New York, of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States of America and Canada. Over a period of approximately two and one-half years he obtained work through Local No. 7 at Albany, New York, as a permit man (a nonmember of Local No. 7, allowed to work on jobs supplied with workers by Local No. 7). From about October 8, 1973 until February 28, 1975, he worked continuously for Kramer and Sons, Inc., when he was laid off and replaced by a member of Local No. 7. Previously, in January of 1975, plaintiff had made formal application to become a member of Local No. 7, but this application was never acted upon. Plaintiff's complaint seeks relief in five separate causes of action, of which we are concerned with only three on this appeal. In the first cause of action, he alleges that he was denied the benefit of the articles of agreement entered into between Local No. 7 and the Mechanical Contractors of the Capital District when discharged from his job with Kramer and Sons, Inc., and when denied union membership. The fourth cause of action alleges that plaintiff paid fees to Local No. 7, but did not receive any benefits, job security or protection from Local No. 7. The fifth cause of action alleges that he was wrongfully removed from his job with Kramer and Sons., Inc., by Local No. 7 after having been treated as a member of that local as provided by the above-mentioned articles of agreement. A motion to dismiss these three causes of action for lack of jurisdiction of the subject matter on the ground that exclusive jurisdiction over the issues raised and relief requested is vested in the National Labor Relations Board was denied and this appeal ensued. Thus, we are faced with the troublesome question of determining when subject matter jurisdiction of the State courts has been pre-empted by the Federal labor laws. The State courts possess jurisdiction to hear and determine a claim of arbitrary or discriminatory exclusion from membership in a labor organization *(Matter of Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34). However, it is fundamental that if the issues presented involve protected activities or charge unfair labor practices as set forth in the National Labor Relations Act, then State jurisdiction must yield *(San Diego Unions v Garmon,* 359 US 236). Or, as more specifically stated in *Garmon* (p 244), "When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor parctice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within

the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law." Although this rule was recently reaffirmed in *Motor Coach Employees v Lockridge* (403 US 274), recognition of the many exceptions to this rule where there has been found to be an overriding State interest or little risk of interference with national administration of labor policy more recently surfaced in *Farmer v Carpenters* (430 US 290). In analyzing the factual pattern alleged in the three causes of action within the framework of the existing rules, we conclude that although the first cause of action seeks damages for a denial of union membership, the thrust of this cause of action is that plaintiff should have been given union membership under the articles of agreement then in effect between area contractors and the union. This agreement, as alleged in the complaint, provides that "all employees employed at the time this contract is·executed and who are covered by the agreement, shall, after seven (7) days of the execution hereof, become members of the party of the first part and all persons whose employment shall begin subsequent to the execution of and who shall be covered by the contract, shall after seven (7) days of employment, become members of the party of the first part under the same terms and conditions as are available to other members." In view of the above-stated provisions, it would appear that the claim turns on employer-union interaction rather than internal union practices, and, accordingly, is exclusively within the jurisdiction of the National Labor Relations Board (see *Motor Coach Employees v Lockridge,* 403 US 274, *supra).* The fifth cause of action claiming union interference in plaintiff's employment clearly alleges an unfair labor practice which is, of course, pre-empted from State jurisdiction *(Iron Workers v Perko,* 373 US 701; *Plumbers' Union v Borden,* 373 US 690). However, in the fourth cause of action the plaintiff alleges what is, in effect, a breach of the union's duty of fair representation. A claim of this nature is within the jurisdiction of the State courts *(Vaca v Sipes,* 386 US 171; *Matter of Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34, *supra; De Cherro v Civil Serv. Employees Assn.,* 60 AD2d 743). Thus, since the State courts are pre-empted from jurisdiction over the claims alleged in plaintiff's first and fifth causes of action, the order of Special Term denying defendants' motion to dismiss the first, fourth and fifth causes of action must be modified. Order modified, on the law, by striking so much thereof as denied defendants' motion to dismiss the first and fifth causes of action and by adding thereto a decretal paragraph granting defendants' motion to dismiss the first and fifth causes of action, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.