■ Thomas Haak et al., Appellants, v Town of Wheatland et al., Defendants, and Patsy DiMarzo, Individually and Doing Business as Clearview Farms, Respondent. — Order and judgment unanimously affirmed, without costs. Memorandum: After a hearing, plaintiffs' action against defendant DiMarzo was dismissed on the basis that the court did not have jurisdiction of his person (CPLR 3211, subd [a], par 8). On this appeal by plaintiffs, the issue presented is whether service of process was made upon DiMarzo in accordance with the provisions of CPLR 308 (subd 1). Although there were serious conflicts in the hearing testimony, the issue may be resolved solely on the testimony of the process server, James Moore. He stated that he arrived at DiMarzo's home shortly after 2:30 A.M. and when he knocked on the door it was opened by a woman (Mrs. DiMarzo). He asked for Patsy DiMarzo and said he was there to serve a summons. Mrs. DiMarzo said, "Wait a minute", and returned a few minutes later and said, "Take your summons and see him in the office". Moore saw DiMarzo standing in the hallway. Moore returned to his motor vehicle to locate a "thumbtack". After 10 or 15 minutes he found a rubber band with which he attached the summons to the door of the DiMarzo residence. He returned to his motor vehicle, remained for a short period of time and as he drove from the DiMarzo driveway and entered the highway, the police arrived and halted his motor vehicle. After several inquiries of him by a police officer he was arrested for driving without a license. He claims that DiMarzo came out of the house during the police confrontation and DiMarzo had the summons in his hand. We merely note that the latter assertion was denied by DiMarzo, and that a policeman on the scene did not observe a summons in DiMarzo's possession. It is acknowledged, however, that DiMarzo actually came into posesssion of the summons at some time between 3 and 6 A.M. Finally, it is conceded that nail and mail service was never effected because of the absence of mailing (CPLR 308, subd 4). On these facts the hearing Justice found that DiMarzo had not been personally served. It is

plaintiffs' argument that because DiMarzo deliberately evaded service, the act of the process server in affixing the summons to the door, a place characterized by plaintiffs as "the immediate vicinity of the defendant", constituted valid personal service under CPLR 308 (subd 1). We disagree. The courts recognize that there is a duty to accept service of process (*Gumperz v Hofmann*, 245 App Div 622, 624, affd without opn 271 NY 544; see, also, *Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 275 [Gabrielli, J., concurring]). Thus where a defendant resists service, it suffices to leave the summons in his general vicinity (*McDonald v Ames Supply Co.*, 22 NY2d 111, 115). In adopting that course, however, it remains the responsibility of the process server to bring "the questioned process within the purview of the person to be served" (*McDonald v Ames Supply Co., supra*, p 116). The defendant must be made aware that he or she is in fact being served with process (see, e.g., *Buscher v Ehrich*, 12 AD2d 887; *Matter of Barbara [New York State Comm. of Investigation]*, 7 AD2d 340; *Schenkman v Schenkman*, 206 Misc 660, affd 284 App Div 1068; *Levine v National Transp. Co.*, 204 Misc 202, affd 282 App Div 720). That obligation was not met here. Moore had ample opportunity to effectuate personal service. Having observed defendant in the hallway, he could have made an appropriate announcement and dropped the summons inside the house through the opened door. He could have delivered the summons to Mrs. DiMarzo and thereafter complied with the mailing requirement (CPLR 308, subd 2) or, as apparently was his purpose, he could have completed "nail and mail" service by meeting the mailing requirement (CPLR 308, subd 4). In the circumstances presented, however, we do not find that the summons was personally delivered to DiMarzo. Nor is it of any consequence that the summons later came into DiMarzo's possession. A failed attempt at personal service will not be validated because "the summons shortly comes into the possession of the party to be served" (*McDonald v Ames Supply Co., supra*, p 115). Notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court (*Feinstein v Bergner*, 48 NY2d 234, 241). (Appeal from order and judgment of Supreme Court, Monroe County, Mastrella, J. — dismiss complaint.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.