■ ROGER GUIDO, Appellant, v DINICHA KOVACHEV, Respondent.—Judgment, Supreme Court, New York County (Louis Grossman, J.), entered on September 30, 1985, unanimously affirmed, without costs and without disbursements. Concur—Kupferman, J. P., Ross, Carro and Asch, JJ.

Sullivan, J., concurs in a memorandum as follows: Although, in my view, it is clear on this record that the defendant doctor evaded process, I am unfortunately constrained to vote to affirm, since the requirements of CPLR 308 (2), under which service was attempted to be effectuated, were not met.

Far too often, we have seen similar cases where doctors avoid process by manipulation of the phalanx of support personnel around them to insulate themselves from service. One does not have to be callous to the medical profession's concern about the proliferation of malpractice litigation to look askance, nevertheless, at this unseemly pattern of frustrating the service of process.

The process server testified at the traverse hearing that he made five diligent attempts to serve the summons and complaint upon defendant at Memorial Hospital, where she is employed full time as a plastic surgeon, with hours from 8:00 A.M. until 5:00 P.M., Monday through Friday. Each time the process server informed the receptionist of the purpose of his visit. In turn, he was told by the receptionist that she would try to contact defendant by page or telephone. Each time, he waited anywhere from 5 to 10 or 20 to 40 minutes. On the fifth occasion he was told that he could leave the summons and complaint in the mailroom and that defendant would be sure to find it in her box. The process server left the summons and complaint with "John" Donald, the mailroom clerk, who assured him that the papers would go into defendant's mailbox. He also mailed a copy to defendant at the hospital. Defendant denies ever receiving a copy of the summons and complaint. She testified that she first learned of the pendency of the action from the hospital's legal department.

Given such a record, I have no difficulty in concluding that defendant was present at the hospital when the process server was there, and was aware that he wished to serve her. While "there is a duty upon persons within the jurisdiction to submit to the service of process" (*Gumperz v Hofmann,* 245 App Div 622, 624, *affd without opn* 271 NY 544), the service here still fell short of statutory requirements. While the process server could have effected valid service by delivery of the summons and complaint to the mailroom clerk, "a person of suitable age and discretion", as found by the Referee, and mailing a copy to defendant's last known residence (CPLR 308 [2]), he did not do so. Since the process server could not ascertain defendant's residence—her residence was listed in the Westchester telephone directory under the name of her husband, Sever Kovachev—he mailed the summons to her at the hospital. A mailing to a place of business is not sufficient to satisfy CPLR 308 (2).

Nor does delivery of process to the mailroom clerk constitute personal service upon defendant under CPLR 308 (1), as plaintiff now contends. In *Haak v Town of Wheatland* (86

AD2d 961), for instance, where the process server tacked the summons to the door after observing defendant inside his apartment while defendant's wife told the process server: " '[T]ake your summons and see him in the office' ", the court held that personal service had not been effected, even though the defendant came into possession of the summons within no more than three hours after the mailing. The court found that the server had either an obligation to mail the summons afterwards, citing CPLR 308 (2), or to drop the summons through the open door with an appropriate announcement so that the defendant would know that he was being personally served with process. Citing *Feinstein v Bergner* (48 NY2d 234, 241), the court stated (p 962), "Notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court". Here, defendant was never within the presence of the process server *(see, Espy v Giorlando,* 85 AD2d 652), and thus delivery of the summons and complaint to the mailroom clerk was not within the reach of defendant's sight or understanding so as to constitute personal service. *(See, McDonald v Ames Supply Co.,* 22 NY2d 111, 116.)

It is unfortunate that the process server's persistent attempts to serve defendant personally and to ascertain her residence are now found to be unavailing, thus permitting defendant to reap the benefit of her evasive conduct. Service, however, must be effected in a statutorily prescribed manner or personal jurisdiction does not exist. *(Community State Bank v Haakonson,* 94 AD2d 838, 839.) Absent actual personal delivery (CPLR 308 [1]); a mailing to defendant's residence after delivery of process to the mailroom clerk, a person of suitable age and discretion at defendant's place of business (CPLR 308 [2]); or the filed written designation of the mailroom clerk as the agent for service of process upon defendant (CPLR 308 [3]); the court lacks jurisdiction over defendant's person. While CPLR 308 (4) permits "nail-and-mail" service where service under CPLR 308 (1) and (2) cannot be made with due diligence, the mailing must, as in the case of a subdivision (2) service, be to the defendant's residence. The process server was clearly frustrated, but the statute does not permit any recourse except by order for substituted service pursuant to CPLR 308 (5). No attempt was made to utilize this service device.