OPINION OF THE COURT
Lewis R Friedman, J.
The plaintiffs, two of the three owners of a parcel of real property, seek partition. This ex parte application requests the appointment of a Referee to determine the rights of the parties. The case raises a serious question as to the meaning *191 of the recent amendment to CPLR 308 (2)[1] (L 1987, ch 115) and its relation to CPLR 306 (a). Apparently, the issue has not been discussed in the reported cases.
Since the application is based on the defendant’s default, the court must, first, determine whether there is adequate proof that the summons was properly served.
The affidavit of service states that service was made on a person of "suitable age and discretion” at defendant’s place of business. The affidavit further avers that a copy was mailed "sealed in a postpaid wrapper properly addressed to defendant at defendant’s last known place of business”. Immediately after this application was submitted, the court expressed to plaintiffs’ counsel concern about whether the mail service properly complied with CPLR 308 (2), as amended. Plaintiffs submitted an additional affidavit by the process server; the second affidavit alleged no facts not already contained in the original papers.
Plaintiffs in New York have often had serious problems in completing substituted service, since they were required to mail process to the "last known residence” of the defendant (Guido v Kovachev, 125 AD2d 221 [Sullivan, J., concurring]). In order to alleviate that difficulty, but to protect the privacy interests of employees who may be sued, the Legislature amended CPLR 308 to permit the completion of service "by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential’ and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served”. (CPLR 308 [2].) Thus, substituted service may be completed by mailing to a place of employment only if certain care is taken to insure that there is no disclosure of the nature of the papers (see, McLaughlin, 1987 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:2, 1989 Pocket Part, at 219).
Without doubt neither of the affidavits here shows compliance with the amended rules for mailing of process. There is no indication of how the mailing was done. The question then is whether compliance with the 1987 amendment must be set forth in the affidavit of service. The statute requires that the *192 affidavit of service show the time, date, place and person served; it must also “set forth facts showing that the service was made by an authorized person and in an authorized manner” (CPLR 306 [a]). The “authorized manner” clearly entails showing the requisite details of the mailing. Under the amended form of CPLR 308 (2), mere "mailing” is not an "authorized manner”. The mailing must be (1) by first-class mail, (2) in an envelope marked “personal and confidential”, and (3) the envelope must not show that it involves a lawsuit. None of those three requisites is alleged in the affidavits here.[2] The Legislature took great pains to protect the privacy of defendants. The court would be condoning violations of the statute if it simply assumes, in the absence of proof, that all mailings comply with the new restrictions.
The intent of CPLR 306 is to place the affirmative burden on the plaintiff of alleging compliance with CPLR 308 (2). Indeed, the law is well settled that the ultimate burden of proving proper service is always on the plaintiff (see, Lexington Ins. Co. v Schuyler Bumpers, 125 AD2d 554). Service must be made only in a manner authorized by the CPLR (Markoff v South Nassau Community Hosp., 61 NY2d 283, 288; Feinstein v Bergner, 48 NY2d 234, 241).
Plaintiff has failed to prove proper service. There is, therefore, no proper proof of a default. The application for the appointment of a Referee is denied.

. The amendment also changed identical language in CPLR 308 (4); however, this opinion discusses the issue solely in the context of CPLR 308 (2).

. The original affidavit of service is on a printed form used by many process serving agencies; it has not been revised to comply with the 1987 amendments. The unquestioned use of preprinted forms often causes unintended results.