■ MARTIN COYNE et al., Appellants, v WALTER A. BESSER, Respondent, et al., Defendant.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Santucci, J.), dated March 29, 1988, which granted the defendant Walter A. Besser's motion to dismiss the complaint as against him on the ground of lack of personal jurisdiction, and (2) as limited by their brief, from so much of an order of the same court, dated June 30, 1988, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated March 29, 1988 is dismissed, as that order was superseded by the order dated June 30, 1988, made upon reargument; and it is further,

Ordered that the order dated June 30, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

At a hearing held on December 12, 1986 the credible evidence adduced indicated that the plaintiffs' process server intended to serve the defendant Dr. Walter A. Besser with process as the latter walked through his waiting room to his inner office. The hearing court found, however, that although the process server called out the doctor's name, he did not inform the doctor or otherwise put the doctor on notice that he had process to serve, and the doctor's entering his inner office could not be said to constitute a deliberate course of evasion which would justify leaving the process in the doctor's general vicinity. It is well settled that a defendant has a duty to accept service of process *(see, Bossuk v Steinberg,* 58 NY2d 916), and that one who resists such service may be considered validly served pursuant to CPLR 308 (1) if process is subsequently left in his or her general vicinity *(see, Haak v Town of Wheatland,* 86 AD2d 961, 962). It is imperative, however, that

the defendant be made aware that he or she is in fact being served with process *(see, Haak v Town of Wheatland, supra).*

We see no basis to disturb the hearing court's finding that the doctor was not made aware that he was being served with process. Given that factual predicate, valid service was not effectuated by merely leaving the papers on a chair in the reception area of the doctor's office.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.