■ THEODORE KAIDER, Respondent, v INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14 et al., Appellants.—In an action, inter alia, to recover damages for wrongful termination of membership in a labor union, the defendants appeal from so much of an order of the Supreme Court, Queens County (Hentel, J.), entered November 17, 1989, as denied, after a hearing, their cross motion for summary judgment dismissing the complaint, granted the plaintiff's motion to dismiss the affirmative defenses set forth in the defendants' answer, and granted the plaintiff's motion to strike the defendants' interrogatories.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Theodore Kaider is a former member of the International Union of Operating Engineers Local 14. He contends that he was wrongfully discharged from membership for nonpayment of dues. According to the plaintiff, during the spring of 1982, he became embroiled in a dispute with union officials in regard to the correct amount of his monthly dues. As a result, although he tendered payment of his dues in the amount requested by the union, he conditionally endorsed his dues checks by noting on each instrument that it was "paid under protest subject to appeals". The union returned the plaintiff's checks on two occasions, accompanied by a letter indicating that dues were required to be paid by a check that did not bear a restrictive endorsement. The plaintiff was expelled from the union on April 21, 1982, and he subse-

quently commenced this action, alleging that his expulsion violated the procedures set forth in the union's constitution and by-laws.

The plaintiff moved to dismiss the affirmative defenses asserted in the union's answer, and moved by separate motion, for a protective order striking the union's interrogatories. The union countered by cross-moving to dismiss the complaint for lack of subject matter jurisdiction, or, in the alternative, for summary judgment. The Supreme Court, after a hearing, granted the plaintiff's motions and denied the union's cross motion, concluding, *inter alia,* that it had both subject matter jurisdiction over this dispute, and personal jurisdiction over the defendant union. The court further concluded that summary judgment was inappropriate because questions of fact existed as to whether the union had acted in bad faith by rejecting the plaintiff's check.

On appeal, the defendant union continues to assert that the Supreme Court lacks subject matter jurisdiction over this dispute because the plaintiff's action is preempted by the National Labor Relations Act *(see,* 29 USC § 141 *et seq.).* We disagree. As the Supreme Court correctly noted, an examination of the complaint reveals that the plaintiff's claims relate to internal union practices, and that he seeks solely to vindicate personal contractual rights which are traditionally protected by State law *(see, Machinists v Gonzales,* 356 US 617; *cf., Motor Coach Employees v Lockridge,* 403 US 274). Accordingly, the court properly concluded that the subject matter of this action does not fall within the exclusive jurisdiction of Federal labor law or the National Labor Relations Board *(see, Machinists v Gonzales, supra; Abbot v Van Acker,* 70 AD2d 1018).

Moreover, contrary to the union's contention, the Supreme Court's finding that the plaintiff's process server properly served an officer of the union is amply supported by the evidence adduced at the hearing. Since the determination is based upon the court's findings of credibility to which we accord great weight on appeal *(see, Van Raalte v Metz,* 161 AD2d 760; *Coyne v Besser,* 154 AD2d 503, 504), we decline to disturb those findings.

We have reviewed the defendants' remaining contentions, and find that they are without merit. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.