■ POLERA BUILDING CORP., Appellant, v NEW YORK SCHOOL CONSTRUCTION AUTHORITY et al., Respondents. [691 NYS2d 103] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Posner, J.), dated November 21, 1997, which, upon a prior order of the same court entered October 23, 1997, *inter alia*, granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiff had failed to timely seek administrative review of a determination that it was in default under the contract, dismissed the complaint.

Ordered that the judgment is reversed, on the law, without costs or disbursements, that branch of the cross motion which was for summary judgment dismissing the complaint is denied, the order entered October 23, 1997, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a determination of the appellant's motion and the remaining branches of the respondents' cross motion.

The plaintiff, Polera Building Corp. (hereinafter Polera), contracted to construct a public school for the defendant New York School Construction Authority (hereinafter the SCA). By agreement with the SCA, the defendants, Turner Construction Co. and Santa Fe Construction, Inc. (hereinafter Turner/Santa Fe), agreed to act jointly as construction manager for the project. After disputes arose concerning delays and adequate staffing, the SCA declared Polera in default and ordered it off the job. Polera thereupon commenced the instant action, *inter alia*, to recover damages for breach of contract. Subsequently, the SCA held a hearing before its default committee, which Polera did not attend. The default committee declared Polera to be in default under the contract and barred it from working on further contracts. Turner/Santa Fe completed the project.

After issue was joined, Polera moved, *inter alia*, for summary judgment dismissing the defendants' affirmative defenses. In response, the defendants cross-moved for summary judgment contending, *inter alia*, that the complaint must be

dismissed because Polera failed to institute a proceeding pursuant to CPLR article 78 challenging the administrative determination of its default within the requisite time frame. Additionally, the defendants contended that each of Polera's causes of action were individually without merit, and that in any event, Polera could not maintain a cause of action against Turner/Santa Fe in the absence of privity or a relationship approaching privity. The Supreme Court granted that branch of the cross motion which was for summary judgment dismissing the complaint for failure to timely commence a proceeding pursuant to CPLR article 78, based upon this Court's decision in *Abiele Contr. v New York City School Constr. Auth.* (232 AD2d 440).

The Court of Appeals reversed this Court in *Abiele Contr. v New York City School Constr. Auth.* (91 NY2d 1). Accordingly, the instant judgment must be reversed. Since the Supreme Court considered neither Polera's motion nor the defendants' alternative grounds for summary judgment, this matter must be remitted to the Supreme Court for determination of the motion and the remaining branches of the cross motion. Santucci, J. P., Krausman, Goldstein and Feuerstein, JJ., concur.