■ AMERICAN FEDERATION OF SCHOOL ADMINISTRATORS, AFL-CIO, Appellant, v COUNCIL OF ADMINISTRATORS AND SUPERVISORS, Respondent. [698 NYS2d 893] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated August 18, 1998, which, *inter alia,* granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiff American Federation of School Administrators, AFL-CIO, is suing to recover unpaid dues from the defendant Council of Administrators and Supervisors, its local affiliate in Nassau and Suffolk Counties. The Supreme Court erred in dismissing the complaint on the ground that the matter must be adjudicated in a Federal court.

The Federal statute which gives Federal District Courts jurisdiction over suits between labor organizations does not deprive State courts of their existing jurisdiction (*see, Dowd Box Co. v Courtney,* 368 US 502; Labor Management Relations

Act of 1947 § 301 [a], 29 USC § 185 [a]). Moreover, State remedies are not preempted where the activity is of "merely peripheral concern" to the Labor Management Relations Act (see, Belknap, Inc. v Hale, 463 US 491, 498-499; Vaca v Sipes, 386 US 171, 180) or involves purely internal union matters (see, Tantillo v McDonald, 223 AD2d 168, 170-171; Kaider v International Union of Operating Engrs., 173 AD2d 786; Amalgamated Assn. v Lockridge, 403 US 274, 296). The defendant has failed to establish that its dispute with the plaintiff over the nonpayment of dues is anything more than an internal union matter.

Since the Supreme Court dismissed the complaint on jurisdictional grounds, it did not determine the plaintiff's motion for summary judgment on the merits. The matter is therefore remitted to the Supreme Court for determination of the motion on the merits (see, Polera Bldg. Corp. v New York School Constr. Auth., 262 AD2d 295). O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.