**DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE–COSTA P.C., Plaintiff–Appellee,**

v.

**Ralph P. DUPONT, Defendant–Appellant.**

**No. 05–2169–CV.**

United States Court of Appeals, Second Circuit.

Feb. 24, 2006.

Raymond A. Connell, McMahon & Connell, P.C., New York, N.Y. (Barbara J. Radlauer & Ralph P. Dupont, Dupont & Radlauer, LLP, Stamford, CT, on the brief), for Appellant, pro se.

Loraine M. Cortese–Costa, Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C., Bridgeport, CT, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

### *SUMMARY ORDER*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 24th day February, two thousand six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Ralph P. Dupont appeals from the denial by the United States District Court for the District of Connecticut (Arterton, *J.*) of his Fed.R.Civ.P. 60(b) motion for an order opening and vacating the underlying default judgment entered by the same court. The underlying default judgment granted an Application to Compel Arbitration brought by Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. ("Durant–Nichols"), the Appellee, for claims relating

to costs and fees received by Dupont on two legal matters. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

We construe Dupont's Rule 60(b) motion as both a Rule 60(b)(1) motion seeking relief from judgment on the ground of "excusable neglect," *see SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998), and a Rule 60(b)(4) motion challenging the final judgment as "void," *see Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir.2005). We review denial of a Rule 60(b)(1) motion for abuse of discretion. *McNulty*, 137 F.3d at 738. We review *de novo* denial of a Rule 60(b)(4) motion "where 'there are no disputes over the subsidiary facts pertaining to [the] issue' of jurisdiction." *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir.2003) (quoting *United States v. Forma*, 42 F.3d 759, 762 (2d Cir.1994)).

1. Dupont filed his Rule 60(b) motion twelve days after entry of the underlying default judgment. *See* Fed.R.Civ.P. 6(a). Thus, Dupont does not enjoy the benefit of Fed. R.App. P. 4(a)(4)(A)(vi), which tolls the running of the thirty day time-limit for filing a notice of appeal of a decision in a civil case. *See* Fed. R.App. P. 4(a)(1); *see also Cody, Inc. v. Town of Woodbury*, 179 F.3d 52, 56 (2d Cir.1999) ("The thirty day time limit for filing appeals is mandatory and jurisdictional."). Since Dupont filed this appeal more than thirty days after the entry of the underlying default judgment, we may consider only the merits of the denial of the Rule 60(b) motion; we may not review the merits of the underlying judgment for errors that Dupont could have asserted on direct appeal. *See Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991).

We find no error in the district court's disposition of Dupont's challenge to its subject matter jurisdiction over the underlying action.

2. Dupont challenges the district court's personal jurisdiction over him on the ground of improper service. We review *de novo*. *See* Fed.R.Civ.P. 60(b)(4); *see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir.2002). According to Fed.R.Civ.P. 4(e)(1), service of process on an individual is valid when service is made "pursuant to the law of the state in which ... service is effected." Durant–Nichols attempted to serve Dupont in New York. According to N.Y. C.P.L.R. § 308(1), "[p]ersonal service upon a natural person shall be made ... by delivering the summons within the state to the person to be served." Further, "[i]t is ... well-settled under New York law that where a defendant refuses to accept service, the papers may be left in his general vicinity." *Davis v. Musler*, 713 F.2d 907, 914 (2d Cir.1983). However, a process server who elects the "general vicinity" option must "bring the questioned process within the purview of the person to be served," since "the defendant must be made aware that he or she is in fact being served with process." *Haak v. Town of Wheatland*, 86 A.D.2d 961, 448 N.Y.S.2d 305, 307 (4th Dep't 1982).

Based on Dupont's own affidavit, as well as other uncontroverted evidence, we conclude: 1) the process server brought the process within the purview of Dupont, 2) Dupont was aware that he was in fact being served with process, and 3) when Dupont refused service by shutting his door, the server then left the process in the "general vicinity." Consequently, service was proper.

3. As to Dupont's Rule 60(b)(1) motion, "where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect." *State St. Bank & Trust Co. v. Inversiones*

*Errazuriz Limitada,* 374 F.3d 158, 177 (2d Cir.2004) (internal quotations omitted); *see also Am. Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir.1996) ("Gross negligence can weigh against the party seeking relief from a default judgment...."). Here, the district court did not abuse its discretion in concluding that the circumstances surrounding Dupont's default demonstrated his failure to act with diligence.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.